THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON A. PHILLIPS, Appellant. [639 NYS2d 434]

Memorandum: County Court erred in denying defendant's motion to suppress evidence obtained by the police following a stop of defendant's vehicle. Two officers testified that they had been informed by a fellow officer that defendant might be in possession of a gun; they also testified that they knew that defendant owned a gray 1984 BMW with license number X8B251. While on routine patrol a week later, they observed a vehicle matching that description in the opposite lane of traffic. The officers turned their vehicle around, drove behind the vehicle, and then activated the emergency lights to effectuate a stop. The driver of the vehicle, later determined to be defendant, pulled over to the side of the road and stopped momentarily, but then drove off when the officers began to leave their vehicle. Defendant stopped again about a block away, after having committed two traffic infractions, and a search of defendant outside the car yielded several plastic baggies of cocaine. Defendant's motion papers challenged both the sufficiency and reliability of the hearsay information acted upon by the arresting officers. Defendant contended that the

People were required to establish the reliability and basis of knowledge of the source of that information (*see, Aguilar v Texas*, 378 US 108; *Spinelli v United States*, 393 US 410), and that probable cause was required for the initial stop. The People argued to the suppression court that they needed only to establish that they had a common-law right of inquiry at the time of the initial stop. The People argue on appeal, however, that the applicable standard is reasonable suspicion of criminal conduct. They concede that they failed to satisfy the *Aguilar-Spinelli* test but contend that it does not apply to this issue because a stop, unlike an arrest, may be based upon unsubstantiated hearsay information. That theory was not advanced before the suppression court and is therefore unpreserved for appeal, as is the People's alternate theory that the search of defendant's vehicle was attenuated from the unlawful stop (*see*, CPL 470.05 [2]; *People v Parris*, 83 NY2d 342, 351; *People v Williams*, 217 AD2d 1007; *cf., People v Alexander*, 189 AD2d 189, 195).

In any event, were we to reach the merits of the argument that the People established reasonable suspicion, we would reject it. The People's reliance on language in *People v Landy* (59 NY2d 369, 376) concerning reasonable suspicion that criminal activity is afoot is misplaced; that language concerns the common-law right to inquire, not to stop forcibly (*see, People v De Bour*, 40 NY2d 210, 223). While "the standard of reasonable suspicion to stop is lower than the standard of probable cause for an arrest" (*People v Moore*, 32 NY2d 67, 70, *cert denied* 414 US 1011), some showing of the basis of the informant's knowledge is needed (*People v Earley*, 76 AD2d 335, 341) and here, there was none. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Lawton, Fallon, Callahan and Doerr, JJ.