■ The People of the State of New York, Respondent, v Kevin C. Kerruish, Appellant. [732 NYS2d 526] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts each of rape in the third degree (Penal Law § 130.25 [2]) and sodomy in the third degree (Penal Law § 130.40 [2]), and one count each of attempted rape in the third degree (Penal Law §§ 110.00, 130.25 [2]), sodomy in the first degree (Penal Law § 130.50 [1]), and sexual abuse in the third degree (Penal Law § 130.55). Defendant contends that the conviction of sodomy in the first degree is not supported by legally sufficient evidence because the People failed to establish the element of forcible compulsion and that the verdict convicting him of that crime is against the weight of the evidence. We disagree. The victim's testimony was legally sufficient to establish the element of forcible compulsion (*see, People v Page*, 166 AD2d 886, *lv denied* 77 NY2d 842), and the verdict convicting defendant of sodomy in the first degree is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). We further reject defendant's contention that the victim was impermissibly permitted to testify regarding her belief that defendant had previously beaten his wife. The statement was relevant to the victim's state of mind with respect to the element of forcible compulsion (*see, People v Mattys*, 251 AD2d 1056, 1057, *lv denied* 92 NY2d 901), and "its probative worth on the issue of forcible compulsion outweighed its tendency to demonstrate defendant's criminal propensity" (*People v Kirkey*, 248 AD2d 979, 980, *lv denied* 92 NY2d 900).

Defendant further contends that he was denied a fair trial when his requests for substitution of counsel and an adjournment were denied. We reject that contention. Defendant failed to show good cause for substitution of counsel (*see, People v Sides*, 75 NY2d 822, 824), and County Court properly exercised its discretion in denying defendant's request for an adjournment (*see, People v McNear*, 265 AD2d 810, 810-811, *lv denied* 94 NY2d 864; *cf., People v Spears*, 64 NY2d 698, 699-700). The sentence is not unduly harsh or severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Sodomy, 1st Degree.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.