■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY YOUNGBLOOD, Appellant. [742 NYS2d 762] —Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered December 8, 2000, convicting defendant after a jury trial of, inter alia, attempted murder in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [vii]; [b]) and lesser crimes and sentencing him as a persistent violent felony offender to concurrent indeterminate terms of incarceration, the longest of which is 20 years to life. Contrary to the contention of defendant, the People met their burden of establishing that the police had probable cause to arrest him (*see People v Chaney,* 253 AD2d 562, 564; *cf. People v Roach,* 265 AD2d 855, 856, *lv denied* 94 NY2d 906). Based on the facts and circumstances known to them, the arresting officers had a reasonable belief that it was more probable than not that an offense had been committed and that defendant was its perpetrator (*see People v Carrasquillo,* 54 NY2d 248, 254; *People v Nicodemus,* 247 AD2d 833, 835-836, *lv denied* 92 NY2d 858; *People v Parris,* 136 AD2d 882, 883, *lv dismissed* 71 NY2d 1031).

Defendant further contends that his statements to the police should have been suppressed because he did not receive *Miranda* warnings and the statements were obtained in violation of his right to counsel. We reject that contention. County Court properly refused to suppress the initial statements of defendant to the police, made before he received *Miranda* warnings. Questions that are necessary for processing a suspect or providing for his physical needs need not be preceded by *Miranda* warnings because such questions do not constitute interrogation (*see People v Hester,* 161 AD2d 665, 666, *lv denied* 76 NY2d 858; *cf. People v Rogers,* 48 NY2d 167, 173). Further, the court properly found that defendant's statements, which were nonresponsive to the officer's inquiry, were spontaneous and not the product of interrogation (*see People v DePonceau,* 275 AD2d

994, 994, *lv denied* 95 NY2d 962; *People v Reinard,* 244 AD2d 936, 936, *lv denied* 91 NY2d 896; *People v Tarsczowicz,* 88 AD2d 772).

The court further properly denied suppression of the statements subsequently made by defendant at the Public Safety Building. The interrogating officers testified that defendant was given his *Miranda* warnings and explicitly waived them before speaking with the officers. They further testified that defendant never requested counsel and that no promises or threats were made by the officers. The determination of the suppression court, particularly its assessment of the witnesses' credibility, is entitled to great deference and will not be disturbed where, as here, it is supported by the record (*see People v Prochilo,* 41 NY2d 759, 761; *People v Welch,* 289 AD2d 936; *People v May,* 263 AD2d 215, 219, *lv denied* 94 NY2d 950).

Defendant failed to preserve for our review his contention that the court erred in refusing to relieve defense counsel of his assignment; defendant himself never moved for substitution of counsel and instead opposed counsel's application to withdraw (*cf. People v Tineo,* 64 NY2d 531, 535-536). In any event, the court did not abuse its discretion in denying the motion in the absence of a showing of good cause for the substitution of counsel (*see People v Torres,* 289 AD2d 991, 991; *People v Kerruish,* 288 AD2d 921; *see generally People v Sides,* 75 NY2d 822, 824).

Defendant failed to object to the court's second supplemental charge and thus his challenge to that charge is not preserved for our review (*see* CPL 470.05 [2]; *People v Bratcher,* 291 AD2d 878). In any event, that challenge lacks merit. The court properly instructed the jurors that attempted murder in the first degree could be predicated on either an underlying robbery or attempted robbery of the victim (*see* Penal Law § 125.27 [1] [a] [vii]).

Finally, we conclude that the verdict finding defendant guilty of attempted murder in the first degree is not against the weight of the evidence on the issue of defendant's intent to cause death or on the issue whether the shooting occurred during and in furtherance of a robbery or attempted robbery (*see generally People v Bleakley,* 69 NY2d 490, 495).

We have considered the contentions raised in the pro se supplemental brief and conclude that they are lacking in merit. Present—Pigott, Jr., P.J., Green, Scudder and Kehoe, JJ.