OPINION OF THE COURT
Seymour Rotker, J.
By virtue of a 19-count indictment filed on November 16, 2000 all five defendants in this matter are charged with attempted murder and related crimes. The case commenced with the arrest of the defendants on August 31, 2000 and the subsequent filing of felony complaints on September 1, 2000. *789 The defendants were arraigned in the local criminal court and securing orders were entered. The matter was presented to a grand jury which voted an indictment. On December 12, 2000, all five defendants were arraigned in the superior court. All five defendants were represented at arraignment by their current private counsel. The matter was adjourned to February 27, 2001 to allow time for motion practice. Initial motion practice was concluded by April 24, 2001. The court adjourned the matter to June 11, 2001 for a hearing on various issues. The hearing was conducted before a Judicial Hearing Officer (JHO) on June 11, June 12, August 1, 2001 and on January 24 and January 25, 2002. The JHO submitted a report recommending that the motions to suppress physical evidence and identification testimony be denied and that defendant Xadi Fen’s motion to suppress statements be granted. On May 16, 2002, the court adopted the JHO’s findings and conclusions. At this point the matter was adjourned in Part TAP-B for trial assignment on May 28, 2002.
On that date counsel for Xadi Fen, Siyan Cao, Ming Cao and Han L. Chang appeared personally before the court. Counsel for Ling Zheng was unavailable but was represented by defendant Siyan Cao’s attorney. The court and counsel addressed the issue of a mutually convenient date for trial. All parties present agreed to September 23, 2002 as a firm date for trial (see minutes of the proceeding, Part TAP-B, May 28, 2002).
On August 22, 2002, counsel for defendant Han L. Chang filed with the court a motion seeking to be relieved as attorney of record for Mr. Chang. Copies of the motion were served upon the defendant and upon the prosecutor. On September 11, 2002 the court received a letter via facsimile transmission from the counsel for defendant Siyan Cao. The letter asked the court to relieve him as attorney of record for the defendant Siyan Cao. The letter also communicated a request by the counsel for Ming Cao and Ling Zheng to be relieved. There is no indication that a copy of the letter was sent to the defendants themselves. The court will treat this letter as a motion to be relieved.
The basis for counsel for defendant Han L. Chang’s motion is twofold. He alleges that “for the past several months” his client has refused to “call or cooperate in any manner” with the preparation of his defense. This occurred despite counsel’s diligent efforts to secure said cooperation. Counsel alleges that on August 16, 2002 the defendant telephoned his office and communicated that he would not appear for trial preparation because he no longer wanted the attorney to represent him *790 and that he would obtain a new attorney. This was the defendant’s last communication with his attorney. He also alleges as a basis for the relief sought that the defendant has failed to meet his financial obligations.
The basis for the motion by counsel for the defendants Siyan Cao, Ming Cao and Ling Zheng is essentially failure of the defendants to meet their financial obligations.
The decision of whether or not to grant the motions rests with the sound discretion of the trial court. Neither the papers nor the court’s independent research has disclosed any case law specifically addressing this issue. It is, however, obvious that the court must balance the need for the expeditious and orderly administration of justice against the legitimate concerns of counsel as voiced in their motion papers.
This case is over two years old. Defendants Xadi Fen and Ling Zheng were unable to make bail and have remained incarcerated pending trial. Five days of hearings were concluded some four months ago (May 16, 2002). On May 28, 2002, the parties discussed and consented to a trial date of September 23, 2002. All parties must be aware that an adjournment of this unusual length, especially where some defendants are incarcerated, was specifically designed to accommodate the various other obligations of the parties involved. Yet at no time during all of these proceedings did any of the moving attorneys inform the court of the concerns set forth in their current motions.[1]
Except for Han L. Chang, there is no indication that any of the defendants are dissatisfied with their current counsel. It cannot be anticipated, therefore, that the issue will be resolved by the appearance of new retained trial ready counsel on September 23, 2002. These defendants who are at liberty have all raised substantial bail. It must be presumed, therefore, that they are not indigent or entitled to appointed counsel. Even assuming that the court could find a way to appoint counsel for the defendants, it could not in good conscience expect that person to adequately prepare for the trial of a two- *791 year-old 18-count indictment involving five non-English-speaking defendants in less than one month’s time. Nor, given the age of the case and the incarceration of two of the defendants, could it, in fairness to the defendants, delay the matter for a sufficient period of time for new counsel to prepare.
In this context, the court notes that rule 125.1 (g) of the Rules of the Chief Administrator of the Courts (22 NYCRR) provides that where an adjournment for trial of over two months is granted all “attorneys previously designated as trial counsel must appear for trial on that date.” (Emphasis added.) The rule further provides that “ [i] f any of such attorneys is actually engaged on trial elsewhere, he or she must produce substitute trial counsel” (emphasis added) ready to try the case. This rule together with the time limits set forth in CPL 30.30 and the Unified Court System’s establishment of standards and goals for the disposition of cases all represent a strong public policy in favor of avoiding, to the maximum extent possible, unnecessary delays in the resolution of cases.[2] Last but not least, the court notes that the complainant, who is likewise entitled to the court’s consideration, has waited almost two years for his day in court. In this posture, it is clear that all of the equities involved weigh heavily against granting of the applications to be relieved. It would be truly unconscionable for the court to countenance any further delay of a two-year-old five-defendant indictment especially given that two of the defendants are incarcerated.
The court is not unsympathetic to the issues of financial hardship raised in the submission of counsel. The court notes, however, that the obvious and real hardship caused by the alleged failure of the defendants to meet their obligations can be, to some extent, ameliorated. Defendants Han L. Chang, Ming Cao and Siyan Cao are all free on substantial bail. Chang was 24 years old at the time of his arrest, Ming Cao was 20 years old and Siyan Cao was 19. The two Caos were unemployed and Chang worked as a waiter. The fact that these young defendants were able to raise substantial bail indicates that they in all probability have access to adequate resources to meet their financial obligations to counsel. Assuming, however, that counsel cannot reach these resources through legal process and that the defendants can establish that they are indigent, the court will, subject to the rules and regulations of the Assigned *792 Counsel Panel, entertain applications for payment from public funds under article 18-B of the County Law.
In addition to the issue of financial hardship, the affirmation of the counsel for Han L. Chang alleges noncooperation by his client as a basis for his motion. Given the length of time that this case has been pending, the court is satisfied that counsel has had more than adequate time to prepare this matter for trial in a professional and responsible manner; Any prejudice to the defendant that accrues based on his failure to cooperate is solely his own doing and has no bearing on the issues raised by counsel’s motion.
For all of the foregoing reasons the applications to be relieved are denied and all attorneys are directed to appear for trial of this matter in Part K-TRP at 9:30 a.m. on September 23, 2002. Should any attorney fail to appear the court will be compelled to consider the imposition of sanctions pursuant to rule 125.1 (g) of the Rules of the Chief Administrator.

. The letter from the attorney for the defendant Siyan Cao indicates that on the last date on which the case appeared in Part TAP-B (May 28, 2002) counsel “indicated on the record that we had not been fully compensated for the work we had done up to that point, and that, in the event we were not paid those funds prior to trial, we would make an application to be relieved at the next appearance.” Assuming this allegation as fact, it establishes that he was aware of a potential problem in May of 2002 yet he waited until 12 days before the agreed upon trial date for a two-year-old five-defendant matter to formally bring it to the court’s attention.

. The rule also provides that preference will be given to the trial of cases when there are four or more attorneys involved (see 22 NYCRR 125.1 [d] [1]).