■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAKING A. SMITH, Also Known as SHAKEEN A. SMITH, Appellant. [782 NYS2d 175]—

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered May 13, 2003. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, menacing in the second degree and making a punishable false written statement.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of robbery in the first degree (Penal Law § 160.15 [3]), menacing in the second degree (§ 120.14 [1]) and making a punishable false written statement (§ 210.45). Contrary to defendant's contention, the verdict on the robbery count is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). By failing to object to the prosecutor's remarks during summation, defendant failed to preserve for our review his contention that the prosecutor denigrated the defense (*see People v Pierce,* 303 AD2d 966, 967 [2003], *lv denied* 100 NY2d 565 [2003]). In any event, that contention is without merit. We reject the further contention of defendant that he was denied effective assistance of counsel and a fair trial on the ground that defense counsel had a conflict of interest. On the date the trial was scheduled to begin, and over defense counsel's objection, County Court granted the People's application for an adjournment, at which time defense counsel advised the court that he was scheduled to begin employment as a part-time assistant district attorney in another county the following week and would therefore be unable to represent defendant at the rescheduled trial date. Defense counsel asked to be relieved as defendant's attorney but ultimately agreed to delay the starting date of his employment. We conclude that there was no "potential conflict of interest" with respect to defense counsel's representation of defendant, and that defendant failed to " 'show that the conduct of his defense was in fact affected by

the operation of the [alleged] conflict of interest, or that the [alleged] conflict operated on the representation' " (*People v Abar,* 99 NY2d 406, 409 [2003]). Contrary to defendant's further contention, the defense strategy of advising the jury that defendant lied to police about his involvement in the incident and therefore that defendant committed the lesser offenses of making a punishable false statement and menacing, but not the greater offense of robbery, "was a reasonable trial strategy" and did not deprive defendant of effective assistance of counsel (*People v Ellis,* 81 NY2d 854, 857 [1993]; *see People v Goss,* 229 AD2d 791, 793 [1996]; *see generally People v Baldi,* 54 NY2d 137, 147 [1981]). We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Lawton, JJ.