■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN WOODRING, Appellant. [850 NYS2d 809]—

Appeal from a judgment of the Allegany County Court (James E. Euken, J.), rendered July 7, 2006. The judgment convicted defendant, upon jury verdicts, of promoting a sexual performance by a child, endangering the welfare of a child, criminal possession of stolen property in the fourth degree, grand larceny in the fourth degree and burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: County Court granted that part of defendant's omnibus motion to sever the first two counts of the indictment from the remaining counts for trial, and defendant appeals from a judgment convicting him following two jury trials of, inter alia, promoting a sexual performance by a child (Penal Law § 263.15) and burglary in the third degree (§ 140.20). Contrary to defendant's contention, the court did not improvidently exercise its discretion in denying trial counsel's motion to withdraw as defendant's attorney. In support of the motion to withdraw, defendant's attorney stated that defendant had not been returning his telephone calls and had refused to accept several plea offers, and he stated that defendant's family had "exhausted" their financial resources and could no longer afford to pay him. Defendant stated in response that he wanted his attorney to continue to represent him and that he "somehow" would find the money to pay him. The failure to return telephone calls does not warrant withdrawal from representation because that failure does not by itself "render[ ] it unreasonably difficult for the lawyer to carry out employment effectively" (Code of Professional Responsibility DR 2-110 [c] [1] [iv] [22 NYCRR 1200.15 (c) (1) (iv)]), and it is beyond dispute that an attorney is not entitled to withdraw as counsel based on the decision of a defendant to exercise his or her right to trial. Finally, the alleged inability to pay for trial counsel's services does not entitle trial counsel to withdraw as defendant's attorney, particularly in view of the statement of defendant that he would somehow find more money in order to pay his attorney. On the record before us, we conclude that the court properly "balance[d] the need for the expeditious and orderly administration of justice against the legitimate concerns of counsel" (*People v Xadi Fen*, 192 Misc 2d 788, 790 [2002]; *see generally* DR 2-110 [c] [22 NYCRR 1200.15 (c)]). Contrary to defendant's further contention, there is no indication in the record that trial counsel either expedited the case to the detriment of defendant or failed to provide effective assistance of counsel following the denial of his motion to withdraw (*see generally People v Smith*, 11 AD3d 899, 900-901 [2004], *lv denied* 3 NY3d 761 [2004]).

We reject defendant's contention that the information in support of the search warrant application was stale. "There is no outside time limitation applicable to the use of information that leads to the issuance of a search warrant" (*People v Coleman*, 26 AD3d 773, 774 [2006], *lv denied* 7 NY3d 754 [2006]; *see also People v Park*, 266 AD2d 913, 914 [1999]). Rather, " '[i]nformation may be acted upon so long as the practicalities dictate that a state of facts existing in the past, which is sufficient to give rise to probable cause, continues to exist at the time the application for a search warrant is made' " (*People v Bryan*, 191 AD2d 1029, 1030 [1993], *lv denied* 82 NY2d 714 [1993]). Here, the supporting deposition of the identified informant indicated that he observed the stolen computer equipment at defendant's house "a short time" after defendant was arrested for breaking into a school. Although the informant did not provide a precise date, he further stated in his supporting deposition that, at that time, defendant "still ha[d] all the stuff . . . at his house." Viewing that evidence in light of defendant's criminal history, we conclude that those facts "adequately established probable cause justifying the search of defendant's residence" (*People v Church*, 31 AD3d 892, 894 [2006], *lv denied* 7 NY3d 866 [2006]; *see People v White*, 258 AD2d 677 [1999]; *see also Park*, 266 AD2d at 914). Defendant's further contention that the search warrant was issued without probable cause because the application relied upon hearsay evidence from an unreliable identified informant is unpreserved for our review (*see* CPL 470.05 [2]; *see also People v Parris*, 83 NY2d 342, 351 [1994]; *People v Phillips*, 225 AD2d 1043, 1044 [1996]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant failed to move for a trial order of dismissal and thus failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of promoting a sexual performance by a child (*see People v Gray*, 86 NY2d 10, 19 [1995]). We reject the further contention of defendant that the verdict convicting him of that crime is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury in the first trial had the opportunity to view the video created by defendant, and its determination that the video depicted defendant simulating an act of oral sexual conduct with the victim is supported by the record (*see People v Foley*, 257 AD2d 243, 253-254 [1999], *affd* 94 NY2d 668 [2000], *cert denied* 531 US 875 [2000]).

Contrary to defendant's remaining contention, the prosecutor's instructions to the grand jury were "not so misleading or

incomplete that the integrity of the proceedings was substantially undermined" (*People v Wooten*, 283 AD2d 931, 932 [2001], *lv denied* 96 NY2d 943 [2001]). It is well settled that it is "sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d 389, 394-395 [1980]). "The test is whether the instructions were so deficient as to impair the integrity of the Grand Jury's deliberations" (*People v Cannon*, 210 AD2d 764, 766 [1994]). Here, the prosecutor's failure to instruct the grand jury on the statutory definition of the term "oral sexual conduct" does not warrant dismissal of the count charging defendant with promoting a sexual performance by a child. The statutory definition of that term is not technical and reflects a lay person's common understanding of the term. Present—Scudder, P.J., Hurlbutt, Lunn, Green and Gorski, JJ.