OPINION OF THE COURT
John L. LaMancuso, J.
These motions involve a similar issue, albeit in different contexts. At issue in People v Young is whether an order should be made relieving the movant law firm and its named associate (collectively, the firm) as attorneys for a defendant who can no longer afford to pay the firm’s outstanding bill, let alone the firm’s anticipated billing associated with a jury trial. The issue presented in People v Dellahoy is whether the firm should be relieved as attorneys for a defendant who initially signed a retainer agreement agreeing to pay the firm a $750 up-front retainer but subsequently expressed an inability to pay and has failed to make even a partial payment.

*383
Young

On May 8, 2010, defendant was charged with driving while intoxicated, aggravated unlicensed operation in the third degree as well as an equipment violation and was issued appearance tickets. On May 12, 2010, defendant was arraigned, and after pleading not guilty, was referred to the Public Defender’s Office (PD).
Initially, the PD undertook to represent defendant. In fact, the PD filed a notice of appearance in May 2010. The firm filed a notice of appearance in August 2010, but, strangely, did not appear with defendant at the August 2010 pretrial conference. Nor did the firm appear with defendant at the October 2010 pretrial conference. Instead, the PD represented defendant at the October pretrial and requested an adjournment for purposes of discovery.
On December 2, 2010, defendant appeared with an associate or principal of the firm. From that date forward, the confusion as to defendant’s representation dissipated, at least for the remainder of 2011.
In March 2011, the firm filed a notice of motion, demand for discovery and demand for a bill of particulars. Later that month, the firm withdrew the motion and advised the court that defendant was prepared to accept the People’s plea offer, a plea of guilty to driving while ability impaired, a traffic infraction, and aggravated unlicensed operation in the third degree, an unclassified misdemeanor, in full satisfaction of all the charges, at the next calendar call conference. However, in April 2011, defendant rejected the offer and requested a jury trial.
In June 2011, the People presented an amended offer, a plea of guilty to driving while ability impaired and facilitating aggravated unlicensed operation, both of which are traffic infractions.
In July 2011, defendant appeared with counsel from the firm for yet another calendar call conference. However, defendant refused to accept the amended offer and again requested a jury trial. Notices were handed out to all parties indicating that the matter was scheduled to be tried by jury on October 6, 2011. However, when the case was called on October 6, defendant was present but not his attorney. Defendant stated in open court that the firm was no longer representing him because of his failure to come up with an additional retainer deposit.
Adding to the confusion, on October 7, 2011, the PD filed a notice of appearance in this case. By letter to this court dated *384 October 18, 2011, the firm apologized for their nonappearance on October 6 and provided a factual basis for their purported withdrawal. According to the letter, defendant had informed the firm that he could no longer afford to pay a private attorney and would be applying to the PD. The letter further asserted that a substitution of attorney had been signed by the associate of the firm and that the firm’s entire file had been given to R. Thomas Rankin, Esq., who was both a partner of the firm as well as the legislature-appointed Chautauqua County Public Defender, several weeks before the October trial date.[1]
On August 13, 2012, the firm filed the instant motions in Young and Dellahoy. Both motions were heard on September 20, 2012, and the PD presented vigorous oral argument, including case citations, in opposition to the motion. The People did not oppose either motion.
In addition to other factual contentions raised during the PD’s oral argument, the PD asserted that Young (as opposed to Dellahoy) either fully or partially paid the firm’s initial retainer. The court so finds based upon the absence of the “failure to pay retainer” allegation from the moving papers in Young (in stark contrast to Dellahoy) as well as the firm’s failure to challenge the PD’s assertion during oral argument.

Dellahoy

On August 7, 2011, defendant was arraigned on charges of driving while intoxicated, driving while intoxicated per se, aggravated unlicensed operation in the third degree and speeding. After pleading not guilty, he was referred to the PD.
On September 14, 2011, defendant signed a retainer agreement wherein he agreed to pay the firm a standard hourly rate together with a “$750 up front retainer.” On the same date, and without waiting to see if defendant would make good on his retainer, the firm filed a notice of appearance.
From September 2011 through December 2011, the firm appeared at one pretrial conference — November 10, 2011. Defendant failed to appear at that time, and the firm, in order to prevent the issuance of a bench warrant, “stood in” for defendant and requested an adjournment.
*385 On January 19, 2012, the firm filed with the court a partially executed substitution of counsel form, signed only by the firm’s associate, together with a letter indicating that (1) defendant could not afford legal representation, and (2) was requesting the PD. In June 2012, the PD appeared at a DWI calendar call with defendant but only for the purpose of indicating their opposition to the firm’s withdrawal. The PD has filed neither a notice of appearance nor papers of any kind (demands for discovery or motions) on defendant’s behalf.
Whereas the firm’s rendition of substantial legal services in Young is beyond dispute, the firm has essentially rendered no legal services in Dellahoy, with the exception of a single court appearance at which the associate stood in for the sole purpose of preventing the issuance of a bench warrant.
Analysis
Effective April 1, 2009, the Code of Professional Responsibility was repealed and replaced by the Rules of Professional Conduct (22 NYCRR 1200.0). A comparison of DR 2-110 (c) (22 NYCRR 1200.15 [c] [repealed eff Apr. 1, 2009]) and its successor, rule 1.16 (c), reveals that the two provisions are substantially similar, if not verbatim copies.[2]
As relevant to the movant’s allegations, rule 1.16 (c) provides that withdrawal is permitted where:
“withdrawal can be accomplished without material adverse effect on the interests of the client” (rule 1.16 [c] [1]);
“the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees” (rule 1.16 [c] [5]);
“the client knowingly and freely assents to termination of the employment” (rule 1.16 [c] [10]);
“the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively” (rule 1.16 [c] [7]).
In the instant cases, the court finds no merit to the tacitly asserted “free and knowing assent” basis for withdrawal. Although the movant alleges that Young “no longer wishes my representation,” and that Dellahoy “would be seeking the assistance of the Public Defender and understood that our law firm would not be representing him anymore,” the movant has failed *386 to establish the voluntariness of each client’s alleged decision to seek the assistance of the Public Defender. Although “[a] client has an absolute right to discharge an attorney at any time” (Teichner v W & J Holsteins, 64 NY2d 977, 979 [1985]), the circumstances here suggest that the movant presented each client with a Hobson’s choice — either accept the services of the Public Defender or go without representation. Moreover, the absence of a fully executed substitution of attorney form, or one signed by the client, if not the Public Defender, speaks volumes.[3]
In Young, where the firm alleges that the client was advised “as to what a fair and equitable settlement of this matter would be, and ... is not following my legal advice,” movant fails to establish the “lack of client cooperation” ground for withdrawal. “[A]n attorney is not entitled to withdraw as counsel based on the decision of a defendant to exercise his or her right to trial” (People v Woodring, 48 AD3d 1273, 1274 [4th Dept 2008] [defendant refused to accept several plea offers]). Accordingly, the court will focus its attention on the “deliberate disregard” and “lack of material adverse effect” grounds for withdrawal.
Relying on Woodring, decided under the now repealed Code of Professional Responsibility, the Public Defender cogently argues that a client’s inability to pay his or her retained attorney is never enough to justify withdrawal, and there must be a deliberate disregard of the obligation. In Woodring, the Fourth Department found no abuse of discretion in a trial court’s decision to deny a retained counsel’s motion to withdraw. Among other reasons offered in support of the motion to withdraw was the defense attorney’s claim that “defendant’s family had ‘exhausted’ their financial resources and could no longer afford to pay him” (48 AD3d at 1274). Although the Fourth Department said that “the alleged inability to pay for trial counsel’s services does not entitle trial counsel to withdraw as defendant’s attorney” (id.), they also emphasized defendant’s statement — “that he wanted his attorney to continue to represent him and that he ‘somehow’ would find the money to pay him” (id.).
In this court’s view, Woodring represents a sui generis application of the “deliberate disregard” language to a case where the client was, in effect, fighting to keep his attorney and ap *387 peared sincere in his stated intention to fulfill his financial obligations. Woodring does not, therefore, categorically hold that a client’s inability to pay may never under any circumstance justify withdrawal.
In Stair v Calhoun (722 F Supp 2d 258 [ED NY 2010]), plaintiffs attorney moved to withdraw based upon nonpayment of legal fees stretching out over a period of 27 months. Recognizing that “Continuing failure to overcome obstacles of financial hardship in order to satisfy the obligation may strengthen an inference of the client’s lack of due regard for the obligation, thus more strongly supporting a finding of ‘deliberate disregard’ ” (id. at 264), and that “withdrawal at this stage will not significantly prejudice plaintiffs because the litigation has only passed the motion to dismiss stage” (id. at 265), the court granted the motion. The court also recognized that its ruling was consistent with rule 1.16 (c) (5) as well as New York State Bar Association Committee on Professional Ethics Opinion 598 (1989).
In opinion 598, the Committee concluded that
“a client ‘deliberately disregards an agreement or obligation’ to pay legal fees whenever the failure is conscious rather than inadvertent, and is not de minimus [sic] in either amount or duration . . . This would be so even where the failure results from inability to pay . . .
“The amount of work performed and paid for in comparison to the work remaining, the amount of the fees paid to date, and the likely effect on the client are some of the factors that need be assessed in ascertaining whether withdrawal is proper in a particular case.”
In Young, where defendant appears to have met his initial obligation to the firm, but now indicates an inability to pay, and where the matter has gone well past the discovery and motion stages and is ready to be tried, the court finds that, even under the United States District Court’s liberal construction of the “deliberate disregard” criterion, withdrawal is improper.
In stark contrast, in Dellahoy, where defendant never deposited a retainer, where insubstantial services have been rendered and where the firm notified the court of its intention to withdraw early on in the litigation, the court finds that withdrawal should be permitted. Furthermore, withdrawal at this stage will not significantly prejudice defendant.
*388 Based upon the foregoing, the court grants the firm’s motion in Dellahoy. The firm is hereby relieved as counsel with the understanding and expectation that the Public Defender will file a notice of appearance on behalf of defendant Dellahoy pursuant to 22 NYCRR 200.5, barring any conflict of interest or financial ineligibility.
Based upon the foregoing, the court denies the firm’s motion to withdraw in Young.

. The court has never received a copy of the alleged substitution of counsel. Furthermore, although he was the Public Defender in all of 2011, R Thomas Rankin’s appointment expired and was not renewed in January or February 2012.

. A new subdivision, applying to lawyers representing organizational clients, was added (see rule 1.16 [c] [11]).

. In the court’s view, even a fully executed substitution of counsel would not conclusively establish a free and knowing assent under the circumstances presented herein where the firm is not getting paid and is willy-nilly steering the client in the direction of the Public Defender.