OPINION OF THE COURT
Pigott, J.
Defendant, facing two counts of rape in the first degree, one count of attempted rape in the first degree, two counts of sexual abuse in the first degree, and two counts of endangering the welfare of a child, retained attorney Martineau to represent him. Martineau was suffering at the time from a debilitating medical condition. On March 1, 2010, Martineau requested an adjournment of defendant’s trial, scheduled to begin the following week in County Court, due to a “flare-up” of his medical condition. The request was granted.
On April 28, 2010, following a hospitalization, Martineau requested another adjournment on medical grounds, but also mentioned that if adjournment were problematic for County Court then he would “advise [his] client and assist him in attempting to obtain substitute counsel in an effort to move this matter along.” The trial was rescheduled to August 16, and finally, after the People sought an adjournment, to October 12, 2010.
In the fall of 2010, Martineau’s health was again poor. At the suggestion of County Court, Martineau identified a “second chair” who would take over if his health worsened: attorney Bruno, who had represented defendant at his arraignment. Martineau took a turn for the worse and defendant’s file was delivered to Bruno’s office on September 30. Bruno met with defendant the following day.
On October 5, 2010, a week before trial was due to start, attorney Bruno represented defendant at a conference in County Court. On behalf of defendant, Bruno moved to adjourn the trial date, mentioning that defendant believed “that the legal system . . . [was] being unfair to him because of Mr. Martineau’s health.” However, Bruno also informed the court that he had “reviewed [defendant’s] entire file” and was “confident” that, should the motion be denied, he would “be prepared and *137 ready to go forward to trial” the following week. Bruno added that he had explained to defendant that County Court had an “obligation to move matters along in a timely fashion.” The People opposed the adjournment motion, and County Court denied it.
On October 12, 2010, the day trial was to begin, Bruno “renew[ed] the motion to adjourn the trial,” on behalf of defendant, stating that defendant “from his perspective, is of the opinion that we need more time to prepare for the trial.” Again, the People opposed the motion, and County Court denied it, noting that Bruno had not indicated “that he is unable to proceed directly” or “that he is in need of extra time with regard to a specific need to prepare in some specific way.” Jury selection began, and the trial followed.
The jury found defendant guilty of all charges. Defendant moved to set aside the verdict under CPL 330.30. Bruno and Martineau filed affidavits stating that the latter had been unable to assist with the trial; that Bruno had first reviewed defendant’s file 12 days before the trial began; and that until a few days before trial defendant expected Martineau to be his trial attorney. Defendant contended that County Court’s denial of the October motions for adjournment violated his right to the retained attorney of his choice. County Court denied the CPL 330.30 motion and in March 2011, with the now-recovered Martineau serving as defendant’s counsel, imposed sentence.
Defendant appealed, raising several challenges, principally that County Court violated his right to choice of counsel. Defendant contends that County Court did so when it denied the October adjournment requests without making any inquiry into defendant’s choice of counsel.
The Appellate Division affirmed County Court’s judgment, observing with respect to defendant’s primary argument that the record contained no
“indication that defendant was unwilling to proceed to trial with Bruno as counsel or, more to the point, that he sought further adjournment of the trial date for the express purpose of retaining another attorney. Rather, defendant . . . instructed Bruno to seek two further adjournments in order to give Bruno more time to prepare. Bruno, however, voiced no concerns as to his readiness to proceed. To the contrary, Bruno indicated . . . that he had reviewed *138 defendant’s ‘entire file,’ met with defendant ‘quite frequently’ and was ‘confident’ that, if the trial proceeded as scheduled, he would be ‘prepared and ready to go forward’ ” (105 AD3d 1144, 1146-1147 [3d Dept 2013]).
A Judge of this Court granted defendant leave to appeal (21 NY3d 1018 [2013]). We now affirm.
A defendant who does not require appointed counsel has a right under both Federal and State Constitutions to choose who will represent him (see United States v Gonzalez-Lopez, 548 US 140, 144 [2006]; People v Arroyave, 49 NY2d 264, 270 [1980]). “The constitutional guarantee to be represented by counsel of one’s own choosing is a fundamental right” (Arroyave, 49 NY2d at 273). Nevertheless, “the right to counsel of choice is qualified, and may cede, under certain circumstances, to concerns of the efficient administration of the criminal justice system” (People v Griffin, 20 NY3d 626, 630 [2013]).
In particular, we have held that a defendant may not use the right to counsel of choice
“as a means to delay judicial proceedings. The efficient administration of the criminal justice system is a critical concern to society as a whole, and unnecessary adjournments for the purpose of permitting a defendant to retain different counsel will disrupt court dockets, interfere with the right of other criminal defendants to a speedy trial, and inconvenience witnesses, jurors and opposing counsel” (Arroyave, 49 NY2d at 271).
In short, appellate courts must recognize “a trial court’s wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar” (Gonzalez-Lopez, 548 US at 152 [citations omitted]).
Significantly, in the present case, defendant does not contend that he expressly requested new counsel on October 5 or October 12, 2010 and that the request was wrongly denied. Rather, defendant’s principal argument is that when he moved, through counsel, for adjournment, County Court was obliged to inquire of him whether he was in fact seeking new counsel. We disagree.
When newly retained defense counsel requests an adjournment of trial and states that defendant believes that the trial would otherwise be unfair, the better practice would be to *139 inquire of counsel and, if necessary, defendant as to whether defendant seeks an adjournment so that he may have the opportunity to retain new counsel or so that his counsel may become better prepared for trial. However, in this case, County Court did not violate any of defendant’s constitutional rights by denying the adjournment motions without that inquiry. On the record before us on direct appeal, when the colloquies of October 5 and October 12 are considered together, no communication was made to County Court from which it would appear that defendant was asking for the opportunity to retain new counsel, or for an adjournment in the hope that Martineau would recover quickly enough to become his trial counsel. Rather, defendant simply sought an adjournment to give Bruno more time to prepare. Under these circumstances, there was no obligation on the part of County Court to inquire as to whether defendant was seeking new counsel.
Defendant’s remaining contentions lack merit.
Accordingly, the order of the Appellate Division should be affirmed.