██ The People of the State of New York, Respondent, v Tishara Harris, Appellant. [55 NYS3d 844]—

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered September 22, 2011. The judgment convicted defendant, upon a jury verdict, of attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]). She contends that trial counsel should have been allowed to withdraw from representing her, and that County Court should have granted her request for new counsel or, at a minimum, should have made a more detailed inquiry regarding her complaints about the performance of counsel. As an initial matter, we conclude that defendant failed to preserve for our review any contention with regard to the court's denial of counsel's pretrial application to withdraw from representing her, in which application defendant did not join (*see People v Youngblood*, 294 AD2d 954, 955 [2002], *lv denied* 98 NY2d 702 [2002]; *cf. People v Tineo*, 64 NY2d 531, 535-536 [1985]). In any event, we conclude that the court did not improvidently exercise its discretion in denying counsel's pretrial application to withdraw or his subsequent similar application, made at the beginning of the second day of

trial, in which motion defendant may be deemed to have joined. With regard to counsel's pretrial application, we note that defendant's alleged inability to pay for counsel's services did not entitle counsel to withdraw as defendant's attorney (*see People v Woodring*, 48 AD3d 1273, 1274 [2008], *lv denied* 10 NY3d 846 [2008]), nor did defendant's apparent indecision concerning whether to plead guilty or go to trial "render[ ] it unreasonably difficult for the lawyer to carry out [his] employment effectively" (*Woodring*, 48 AD3d at 1274, quoting former Code of Professional Responsibility DR 2-110 [C] [1] [iv] [22 NYCRR 1200.15 (c) (1) (iv)] ). With regard to counsel's request to withdraw during trial, we conclude that the reasons cited by counsel did not warrant his withdrawal from representation and that the court, in denying that request, properly "balance[d] the need for the expeditious and orderly administration of justice against the legitimate concerns of counsel" (*Woodring*, 48 AD3d at 1274 [internal quotation marks omitted]; *see generally People v O'Daniel*, 24 NY3d 134, 138 [2014]; *People v Arroyave*, 49 NY2d 264, 270-272 [1980]).

We further conclude that the court did not abuse its discretion in denying the request by defendant for an adjournment of trial to enable defendant to retain new counsel or to obtain a substitution of assigned counsel for retained counsel (*see generally People v Linares*, 2 NY3d 507, 510-511 [2004]; *People v Sides*, 75 NY2d 822, 824 [1990]; *see also O'Daniel*, 24 NY3d at 138; *Arroyave*, 49 NY2d at 271-272). "[A]bsent exigent or compelling circumstances, a court may, in the exercise of its discretion, deny a defendant's request to substitute counsel made on the eve of or during trial if the defendant has been accorded a reasonable opportunity to retain counsel of [her] own choosing before that time . . . At [that] point, public policy considerations against delay become even stronger, and it is incumbent upon the defendant to demonstrate that the requested adjournment has been necessitated by forces beyond [her] control and is not simply a dilatory tactic" (*Arroyave*, 49 NY2d at 271-272; *see Sides*, 75 NY2d at 824). We conclude that the court made the requisite "minimal inquiry" into defendant's complaints concerning her attorney and her request for a substitution of counsel (*Sides*, 75 NY2d at 825; *see People v Porto*, 16 NY3d 93, 99-100 [2010]; *Linares*, 2 NY3d at 511). Although it was incumbent upon defendant to show " 'good cause' " for a substitution of counsel (*Sides*, 75 NY2d at 824), defendant expressed only "vague and generic" complaints having "no merit or substance" and thus failed to show that her counsel "was in any way deficient in representing" her (*Linares*, 2 NY3d at 511). Present—Smith, J.P., Lindley, DeJoseph, NeMoyer and Curran, JJ.