■ The People of the State of New York, Respondent, v Justin K. Nwajei, Appellant. [59 NYS3d 232]—

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered August 13, 2015. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation imposed upon his conviction of criminal sexual act in the third degree (Penal Law § 130.40 [2]) and sentencing him to a determinate term of incarceration, followed by a period of postrelease supervision. We reject defendant's contention that he was deprived of his fundamental due process right to present a defense at the violation of probation hearing (see generally Chambers v Mississippi, 410 US 284, 302 [1973]), inasmuch as County Court did not abuse its discretion in precluding the testimony of defendant's mother as irrevelant (see generally People v Rodriguez, 149 AD3d 464, 466 [2017]). We further reject defendant's contention that the court "prematurely end[ed]" the violation of probation hearing. The record establishes that the court properly ended the hearing after defense counsel rested his case.

Defendant's contention that the court erred in denying defense counsel's request after the conclusion of the hearing to be relieved of his assignment is unpreserved for our review inasmuch as defendant did not join in defense counsel's request (see People v Youngblood, 294 AD2d 954, 955 [2002], lv denied 98 NY2d 704 [2002]; cf. People v Tineo, 64 NY2d 531, 535-536 [1985]). In any event, we conclude that the court did not abuse its discretion in denying defense counsel's request, given the timing of the request (see generally People v O'Daniel, 24 NY3d 134, 138 [2014]; People v Arroyave, 49 NY2d 264, 271-272 [1980]), and the fact that it was based on defense counsel's frustration with defendant's refusal to accept counsel's recommendation with respect to a plea offer (see People v Woodring, 48 AD3d 1273, 1274 [2008], lv denied 10 NY3d 846 [2008]). Finally, we reject defendant's contention that his sentence is unduly harsh and severe. Present—Smith, J.P., Centra, DeJoseph, NeMoyer and Scudder, JJ.