People v Hunter (2019 NY Slip Op 03233)





People v Hunter


2019 NY Slip Op 03233


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1316 KA 16-02167

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SEAN HUNTER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 17, 2015. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree
(§ 265.03 [1] [b]; [3]), defendant contends that County Court deprived him of his right to counsel of his own choosing when the court compelled his retained attorney to continue representing him even after the attorney informed the court, four days before trial, that defendant "fired" the attorney. Defendant further contends that the issue concerning counsel is a " structural error' " that does not require preservation. We need not resolve defendant's latter contention inasmuch as we conclude that defendant preserved his substantive contention for our review even though he did not personally request any substitution of counsel (cf. People v Harris, 151 AD3d 1720, 1720 [4th Dept 2017], lv denied 30 NY3d 950 [2017]; People v Youngblood, 294 AD2d 954, 955 [4th Dept 2002], lv denied 98 NY2d 704 [2002]). With respect to the merits of defendant's substantive contention, we conclude that defendant's constitutional rights were not violated. "Although a defendant has the constitutionally guaranteed right to be defended by counsel of his [or her] own choosing, this right is qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings" (People v Arroyave, 49 NY2d 264, 271 [1980]). Here, "defendant had ample opportunity to retain [other] counsel . . . , and he failed to demonstrate that [substitution of counsel on the eve of trial] was necessitated by forces beyond his control and was not a dilatory tactic" (People v Allison, 69 AD3d 740, 741 [2d Dept 2010], lv denied 14 NY3d 885 [2010]). Moreover, we conclude that the court properly determined "that the reasons cited by counsel did not warrant his withdrawal from representation and that the court, in denying [counsel's] request, properly balance[d] the need for the expeditious and orderly administration of justice against the legitimate concerns of counsel' " (Harris, 151 AD3d at 1721).
Defendant further contends that the court erred in denying his pretrial request to admit in evidence at trial a recording of an interview conducted by police officers with an individual who had passed away before trial. We reject that contention. The statements made by the individual constituted hearsay and did not fall within any exception (see generally People v Brensic, 70 NY2d 9, 14 [1987]). Contrary to defendant's contention, the statements do not fall within an exception to the hearsay rule as statements against penal interest inasmuch as the individual was not aware, at the time he made his statements, that they were "contrary to his penal interest" (id. at 15). In his interview with police investigators, the individual repeatedly denied any knowledge of or involvement in the crimes committed by defendant. The investigators, who had obtained [*2]contradictory information from other witnesses, informed the individual that, if he continued with his denials, the investigators could charge him with hindering prosecution. The individual maintained his ignorance of the crimes and, ultimately, was so charged. It is that threat and the resultant criminal charge that defendant contends transformed the individual's denials into statements against penal interest. We do not agree. A person who denies knowledge of or participation in a crime is not "reveal[ing] facts that are contrary to his [or her] own interest" (People v Maerling, 46 NY2d 289, 295 [1978]). In any event, we further conclude that there is insufficient "competent evidence independent of [the statements] to assure [their] trustworthiness and reliability" (Brensic, 70 NY2d at 15), which is the " most important' aspect of the exception" for statements against penal interest (People v Shabazz, 22 NY3d 896, 898 [2013]).
Defendant contends in the alternative that, even if the individual's statements do not fall within any recognized hearsay exception, they nevertheless should have been admitted in evidence because they were critical to his defense (see generally Chambers v Mississippi, 410 US 284, 302 [1973]). Despite the "more lenient admissibility standard" applied to evidence that is exculpatory to a defendant (People v Conway, 148 AD3d 1739, 1743 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]), we conclude that the statements do not
" [bear] persuasive assurances of trustworthiness' that would render them admissible despite their hearsay nature" (People v Thibodeau, 151 AD3d 1548, 1554 [4th Dept 2017], affd 31 NY3d 1155 [2018], quoting Chambers, 410 US at 302).
Contrary to defendant's further contention, the court properly denied his request to instruct the jury on the defense of justification. Although the court erred when it initially concluded that the justification charge was not available to defendant because he was also asserting an alibi defense (see People v Steele, 26 NY2d 526, 529 [1970]; see generally People v Padgett, 60 NY2d 142, 144-145 [1983]), the court later recognized that error and denied the instruction on the ground that there was no reasonable view of the evidence that defendant had a reasonable belief that deadly physical force was about to be used against him. We agree with the court's latter reasoning. The evidence at trial established that the victim was shot in the back from a distance of 10 to 15 feet and that the victim was crouching and on the phone at the time the shots were fired. Although it was undisputed that the victim held a knife in his hand at the time he was shot, it was also undisputed that he "never made any movement toward anyone nor threatened anyone, including defendant" (People v Moss, 163 AD2d 198, 199 [1st Dept 1990], lv denied 76 NY2d 895 [1990]; see generally People v Watts, 57 NY2d 299, 302 [1982]).
Defendant failed to preserve for our review his contentions that he was denied a fair trial by various courtroom security measures inasmuch as he " neither formally objected nor requested any relief' with respect to th[ose] issue[s]" (People v Goossens, 92 AD3d 1281, 1282 [4th Dept 2012], lv denied 19 NY3d 960 [2012]; see also People v Johnston, 43 AD3d 1273, 1274 [4th Dept 2007], lv denied 9 NY3d 1007 [2007]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe, and defendant's further challenge to the sentence lacks merit.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court