18-894-cv
O'Daniel v. Martuscello

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
          PIERRE N. LEVAL,
          CHRISTOPHER F. DRONEY,
                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - -X

WILLIAM O'DANIEL,
          **Petitioner-Appellant**,

          -v.-                                    18-894

DANIEL F. MARTUSCELLO, JR.,
          **Respondent-Appellee**.*

---

* The Clerk of Court is directed to amend the caption as set out above.

1

- - - - - - - - - - - - - - - - - - -X

FOR PETITIONER-APPELLANT:     Bruce R. Bryan, Bryan Law Firm, Syracuse, NY.

FOR RESPONDENT-APPELLEE:     Matthew B. Keller, Assistant Attorney General (Nikki Kowalski, Deputy Solicitor General for Criminal Matters on the brief), for Letitia A. James, Attorney General State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.; Peebles, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

William O'Daniel appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by the United States District Court for the Northern District of New York (Hurd, J.; Peebles, M.J.). The issue on appeal is whether the state court's denial of trial adjournment requests violated O'Daniel's Sixth Amendment right to the counsel of his choice. We assume the parties' familiarity with the underlying facts and procedural history.

Denial of a petition for a writ of habeas corpus is reviewed de novo. Epps v. Poole, 687 F.3d 46, 50 (2d Cir. 2012). "The writ may not issue for any claim adjudicated on the merits by a state court unless the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States,' or was 'based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.'" Id. (quoting 28 U.S.C. §§ 2254(d)(1)-(2)). The state court's findings of fact are presumed to be correct unless the

2

petitioner can rebut this presumption by clear and convincing evidence.   Id. (citing 28 U.S.C. § 2254(e)(1)).

O'Daniel's Sixth Amendment claim is that he was denied the right to counsel of his choice because, when his retained counsel, James E. Martineau, was hospitalized and unable to represent him at trial, the court permitted Keith M. Bruno to represent him, and denied his motions for an adjournment. O'Daniel argues that the state court unreasonably applied United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006), and Wheat v. United States, 486 U.S. 153, 159 (1988).

A defendant who retains counsel has the right "to choose who will represent him."   United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006).

The state court did not unreasonably apply established Supreme Court precedent.   Defense counsel Martineau suffered from a chronic disorder.   The court had twice granted adjournments of the trial due to debilitating flare-ups, and advised Martineau to find a "second chair" in the event that Martineau was rendered unable to represent O'Daniel.   This was a reasonable measure to avoid further delays.   Martineau advised in court that he had contracted Bruno "to act as my second chair in the event that I am unable to proceed . . . and ha[d] advised my client of the situation."   SA 99.

Once Bruno agreed to substitute for Martineau, it was reasonable to deny the defense motions to adjourn the trial in order to give Bruno more time to prepare because Bruno represented that he would be ready.   As the trial court explained on the record, nothing indicated that Bruno was unable or unprepared to proceed on schedule; and there was no demonstrated need for extra preparation: witnesses were available, no physical or mental examination was outstanding, and no motion was unresolved.   O'Daniel twice moved to adjourn on the ground that his new counsel needed more time to prepare for the trial; and on each occasion, the court assured itself that Bruno was prepared.   Bruno represented that he met with Martineau and discussed the case with him; reviewed the case file; met with O'Daniel and his father; and would be prepared and ready for the trial as scheduled.

3

O'Daniel argues that notwithstanding the focus of his adjournment request on the adequacy of Bruno's time to prepare, (i) he was in fact objecting to being represented by Bruno; (ii) the trial court should have understood his request for time to prepare (coupled with Bruno's citation of CPLR section 321(c), which pertains to allowing time to replace incapacitated counsel) as an objection to having Bruno as his counsel; and (iii) what was said by Bruno at least triggered a duty on the court to inquire whether O'Daniel was objecting to Bruno. We reject those arguments. The trial court could not have guessed from the circumstances that O'Daniel objected to Bruno. As the state appellate court found, "absent from the record is any indication that defendant was unwilling to proceed to trial with Bruno as counsel or, more to the point, that he sought further adjournment of the trial date for the express purpose of retaining another attorney." People v. O'Daniel, 105 A.D.3d 1144, 1146 (N.Y. App. Div. Third Dep't 2013), aff'd, 24 N.Y.3d 134 (N.Y. 2014).

We have considered O'Daniel's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4