People v Freeland (2021 NY Slip Op 05441)





People v Freeland


2021 NY Slip Op 05441


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


866 KA 17-01074

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BARBARA A. FREELAND, DEFENDANT-APPELLANT. 






PEKAREK LAW GROUP, P.C., WELLSVILLE (DANIELLE G. CHAMBERLAIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered January 5, 2016. The judgment convicted defendant upon a plea of guilty of grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a plea of guilty of grand larceny in the third degree (Penal Law § 155.35 [1]). Defendant failed to preserve for our review her challenge to the voluntariness of her plea because she did not move to withdraw the plea or to vacate the judgment of conviction (see People v Shanley, 189 AD3d 2108, 2108 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]). There is a narrow exception to the preservation requirement for the "rare case . . . where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea," thereby imposing on the trial court "a duty to inquire further to ensure that defendant's guilty plea is knowing and voluntary" (People v Lopez, 71 NY2d 662, 666 [1988]). "Where the court fails in this duty and accepts the plea without further inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal, notwithstanding that a formal postallocution motion was not made" (id.). Here, nothing defendant said during the plea colloquy itself required County Court to inquire further before accepting the plea (see Shanley, 189 AD3d at 2109). Moreover, even assuming, arguendo, that the court's duty to inquire as contemplated by Lopez may be triggered by a defendant's statements at sentencing (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; see generally People v Delorbe, 35 NY3d 112, 121 [2020]), we conclude that defendant's conclusory and unsupported claim of innocence was belied by her statements during the plea colloquy (see People v Wilson, 179 AD3d 1527, 1528-1529 [4th Dept 2020], lv denied 35 NY3d 945 [2020]; People v Garner, 86 AD3d 955, 955 [4th Dept 2011]).
Defendant next contends that the court erred in denying defense counsel's application to withdraw from representing her. Defendant failed to preserve that contention for our review inasmuch as she did not join in that application (see People v Harris, 151 AD3d 1720, 1720 [4th Dept 2017], lv denied 30 NY3d 950 [2017]; cf. People v Hunter, 171 AD3d 1534, 1535 [4th Dept 2019], lv denied 33 NY3d 1105 [2019]). In any event, the court did not improvidently exercise its discretion in denying counsel's application, which was made less than three weeks before the trial. Defendant's alleged inability to pay for counsel's services "did not entitle counsel to withdraw as defendant's attorney" (Harris, 151 AD3d at 1721; see People v Woodring, 48 AD3d 1273, 1274 [4th Dept 2008], lv denied 10 NY3d 846 [2008]), and he provided no other basis for withdrawal. In denying the request, the court "properly balance[d] the need for the expeditious and orderly administration of justice against the legitimate concerns of counsel" (Hunter, 171 AD3d at 1535-1536 [internal quotation marks omitted]). Contrary to defendant's further contention, the court's denial of the request to withdraw did not result in [*2]counsel providing ineffective assistance. There is no indication in the record that counsel "either expedited the case to the detriment of defendant or failed to provide effective assistance of counsel following the denial of his motion to withdraw" (Woodring, 48 AD3d at 1274).
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court