[990 NE2d 129, 967 NYS2d 891]
THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC DIGGINS, Appellant.

Argued April 24, 2013; decided May 30, 2013

## APPEARANCES OF COUNSEL

*Simpson Thacher & Bartlett LLP*, New York City (*Roy L. Reardon* of counsel), and *Richard M. Greenberg, Office of the Appellate Defender* (*Rosemary Herbert* of counsel) for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Sheryl Feldman* and *Alan Gadlin* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction and sentence granted and the case remitted to Supreme Court for further proceedings on the indictment.

It is well established that a defendant may not, by his absence alone, "waive his right to effective assistance of counsel" (*People v Aiken*, 45 NY2d 394, 398 [1978]). Although a defendant's willful absence from trial surely hampers an attorney's ability to represent the client adequately and must be taken into consideration, under the circumstances of this case, we conclude that counsel's lack of participation during the jury trial amounted to the ineffective assistance of counsel. On this record, including defendant's cooperation with his attorney in formulating a defense before absconding, there was a "reasonable basis for an active defense" (*United States v Sanchez*, 790 F2d 245, 254 [2d Cir 1986]).

Chief Judge LIPPMAN and Judges GRAFFEO, PIGOTT and RIVERA concur; Judges READ and SMITH dissent and vote to affirm, concluding that defendant's trial counsel pursued a protest

strategy (*see People v Diggins*, 11 NY3d 518, 525 [2008]). Judge ABDUS-SALAAM taking no part.

Order reversed, defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction and sentence granted, and case remitted to Supreme Court, New York County, for further proceedings on the indictment, in a memorandum.