People v VonRapacki (2022 NY Slip Op 01071)





People v VonRapacki


2022 NY Slip Op 01071


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

528033

[*1]The People of the State of New York, Respondent,
v
Darrell VonRapacki, Appellant.

Calendar Date:January 11, 2022

Before: Garry, P.J., Lynch, Pritzker and Colangelo, JJ.


Clea Weiss, Ithaca, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nathan Bloom of counsel), for respondent.


Garry, P.J.
Appeal from an order of the County Court of Chemung County (Rich Jr., J.), entered June 19, 2019, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2015, defendant pleaded guilty to one count of sexual abuse in the first degree and was sentenced to four years in prison and six years of postrelease supervision. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), classifying him as a risk level two sex offender. Following a hearing, which defendant chose not to attend but at which he was represented by counsel, County Court adopted the Board's recommendation and classified defendant as a risk level two sex offender. This appeal ensued.
County Court's order failed to set forth findings of fact and conclusions of law as required by Correction Law § 168-n (3). Although the court's form order states that, "based upon the evidence received" at the hearing, the court "set forth findings of fact" in determining defendant's risk level classification, the hearing transcript neither indicates that any evidence was received nor includes any findings of fact or conclusions of law (see People v Kennedy, 79 AD3d 1470, 1470 [2010]; compare People v Roberts, 54 AD3d 1106, 1106-1107 [2008], lv denied 11 NY3d 713 [2008]). The failure to include the necessary findings prevents this Court from conducting a meaningful appellate review of defendant's designation as a risk level two sex offender and would, alone, require remittal for County Court to comply with the statute (see People v Lane, 202 AD3d 32, 35 [2021]; People v Kennedy, 79 AD3d at 1470; People v Zayas, 57 AD3d 1179, 1179-1180 [2008]).
Nevertheless, we must address defendant's ineffective assistance of counsel argument, as it could affect the scope of the proceedings upon remittal. Despite SORA proceedings being civil in nature, not criminal (see People v Mingo, 12 NY3d 563, 571 [2009]), we now join the Second Department in explicitly holding that SORA defendants have the right to the effective assistance of counsel, pursuant to the Due Process Clauses contained in the 14th Amendment of the US Constitution and article I, § 6 of the NY Constitution, because the statutory right to counsel in such proceedings (see Correction Law § 168-n [3]) would otherwise be rendered meaningless, and because SORA determinations affect a defendant's liberty interest (see People v Bowles, 89 AD3d 171, 177-178 [2011], lv denied 18 NY3d 807 [2012]; see also People v Allen, 177 AD3d 1224, 1225 n 2 [2019] [assuming, without deciding, that a SORA defendant has the right to the effective assistance of counsel]; cf. Matter of Jaikob O. [William O.], 88 AD3d 1075, 1077-1078 [2011] [finding ineffective assistance by assigned counsel in Family Ct Act article 10 proceeding]; Matter of State of New York v Campany, 77 AD3d [*2]92, 98-99 [2010] [finding right to effective assistance of counsel in Mental Hygiene Law article 10 proceedings], lv denied 15 NY3d 713 [2010]).
A fundamental aspect of the attorney-client relationship is communication. In a different context, we have noted that an attorney's responsibility in "the representation of any client
. . . requires consulting with and counseling the client" (Matter of Mark T. v Joyanna U., 64 AD3d 1092, 1093 [2009] [addressing obligations of attorneys for children assigned in Family Court, and assigning new counsel where prior counsel "had neither met nor spoken with the child" client]). Although defendant waived his right to be present at the SORA hearing, he did not waive his right to contest the Board's risk level recommendation or the People's arguments and proof (see People v Diggins, 21 NY3d 935, 936 [2013]). Counsel — who acknowledged at the hearing that he had "had no contact" with defendant — made no arguments, essentially agreed to the Board's recommendation, and failed to require the People to admit any proof at the hearing or County Court to provide any reasoning for its determination. We reject the People's argument that defendant was not prejudiced by counsel's extreme passivity and failure to contact him; contrary to the People's assertion that defendant had no viable basis to challenge the assignment of points or to request a downward departure, it would be most difficult for counsel to make such an assessment without any input from his client. The record thus reveals that counsel, who did not communicate with his client at all and "failed to litigate any aspect of the adjudication," did not provide effective representation (People v Collins, 156 AD3d 830, 830-831 [2017] [internal quotation marks and citation omitted]). As defendant was deprived of the effective assistance of counsel, upon remittal he is entitled to a new hearing with different assigned counsel.
Lynch, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision.