People v Moore (2022 NY Slip Op 05242)

People v Moore

2022 NY Slip Op 05242

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

531290
[*1]The People of the State of New York, Respondent,
v
Steven E. Moore, Appellant.

Calendar Date:September 9, 2022

Before:Garry, P.J., Egan Jr., Lynch, Clark, and Ceresia, JJ.

Angela Kelley, Albany, for appellant.
Michael A. Korchak, District Attorney, Binghamton (James Sacco of counsel), for respondent.

Lynch, J.
Appeal from an order of the County Court of Broome County (Kevin P. Dooley, J.), entered November 21, 2019, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2010, defendant pleaded guilty to sexual abuse in the first degree and stalking in the first degree. County Court imposed consecutive sentences of seven years in prison, to be followed by 15 years of postrelease supervision, for the sexual abuse conviction and 3½ years in prison, to be followed by 10 years of postrelease supervision, for the stalking conviction. In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), presumptively classifying him as a risk level three sex offender. Following a hearing, which defendant chose not to attend but at which he was represented by counsel, County Count classified defendant as a risk level three sex offender and designated him as a sexually violent offender. Defendant appeals.
The People concede, and we agree, that pursuant to our recent decision in People v VonRapacki (204 AD3d 41 [3d Dept 2022]), defendant was denied the effective assistance of counsel. "SORA defendants have the right to the effective assistance of counsel, pursuant to the Due Process Clauses contained in the 14th Amendment of the US Constitution and article I, § 6 of the NY Constitution, because the statutory right to counsel in such proceedings (see Correction Law § 168-n [3]) would otherwise be rendered meaningless, and because SORA determinations affect a defendant's liberty interest" (People v VonRapacki, 204 AD3d at 43). Moreover, "[a] fundamental aspect of the attorney-client relationship is communication" and "we have noted that an attorney's responsibility in the representation of any client requires consulting with and counseling the client" (id. at 43-44 [internal quotation marks, ellipsis and citation omitted]). Defendant waived his right to be present at the hearing but did not waive his right to challenge the Board's risk assessment and the People's proof (see People v Diggins, 21 NY3d 935, 936 [2013]; People v VonRapacki, 204 AD3d at 44). During the hearing, counsel admitted that he lacked "the benefit of [defendant's] input" in proceeding with the matter and County Court acknowledged that counsel was at a "disadvantage" because he had not had a chance to speak with defendant. The record further reflects that counsel failed to present a defense or raise any objections and did not require the People to present any proof at the hearing. In our view, counsel's failure to litigate this matter constitutes ineffective assistance of counsel (see People v VonRapacki, 204 AD3d at 44; People v Collins, 156 AD3d 830, 830-831 [2d Dept 2017]), necessitating remittal for a new hearing with different assigned counsel.
Garry, P.J., Egan Jr., Clark and Ceresia, JJ., concur[*2].
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.