People v McVie (2023 NY Slip Op 00681)

People v McVie

2023 NY Slip Op 00681

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-08782

[*1]The People of the State of New York, respondent, 
v
Tom McVie, also known as Thomas Makboulian, appellant. 

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelly, J.), dated October 20, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, designated the defendant a level three sex offender based on the assessment of 125 total points, as well as the application of an automatic override based on the defendant causing the victim's death (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]). On appeal, the defendant contends that the court should have granted his application for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861). If the defendant makes that two-fold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v McClendon, 175 AD3d 1329).
Here, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level designation. Pursuant to the Guidelines, the court was required to assess 30 points under risk factor 9 based upon the defendant's prior conviction of endangering the welfare of a child, "without regard to whether the underlying offense involved conduct that is sexual in nature, subject to the court's authority to grant a downward departure in the exercise of its discretion" (People v Sincerbeaux, 27 NY3d 683, 689). The Guidelines suggest that where a review of the record of the prior conviction of endangering the welfare of a child indicates a lack of sexual misconduct, a departure may be warranted (see Guidelines at 14; People v Sincerbeaux, 27 NY3d at 689). Here, however, the defendant failed to demonstrate, by a [*2]preponderance of the evidence, that his prior conviction of endangering the welfare of a child did not involve sexual misconduct (see Guidelines at 14; People v Sincerbeaux, 27 NY3d at 689). Moreover, considering the totality of circumstances, including the gravity of the conduct for which the defendant was convicted, the court providently exercised its discretion in denying the defendant's application for a downward departure (see People v Sincerbeaux, 27 NY3d at 691). The court properly determined that the defendant otherwise failed to identify mitigating factors tending to establish a lower likelihood of reoffense or danger to the community and were of a kind, or to a degree, that were otherwise not adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
BARROS, J.P., CHAMBERS, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court