People v Howden (2023 NY Slip Op 02221)

People v Howden

2023 NY Slip Op 02221

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

279 KA 20-00872

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CURTIS P. HOWDEN, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered November 14, 2018. The judgment convicted defendant upon a jury verdict of attempted assault in the first degree, assault in the second degree, unauthorized use of a vehicle in the first degree, criminal mischief in the third degree and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]), defendant contends that he was denied effective assistance of counsel based on several alleged errors by defense counsel. Defendant initially claims that defense counsel was ineffective in connection with a proposed plea agreement that County Court ultimately refused to accept because defendant's factual recitation during the plea colloquy negated an element of the crime in question. That claim involves strategic discussions between defendant and defense counsel outside the record on appeal, and it must therefore be raised by way of a motion pursuant to CPL 440.10 (see People v Manning, 151 AD3d 1936, 1938 [4th Dept 2017], lv denied 30 NY3d 951 [2017]; People v Mangiarella, 128 AD3d 1418, 1418 [4th Dept 2015]). Likewise, defendant's claim that defense counsel was ineffective for failing to call an expert at trial on the effects of a prescription medication that defendant had taken also involves factual matters outside the record and must be raised by way of a motion pursuant to CPL 440.10 (see People v Tetro, 175 AD3d 1784, 1786 [4th Dept 2019]; People v Langevin, 164 AD3d 1597, 1598 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]). To the extent that defendant's contention is reviewable on this appeal, we conclude that, although defense counsel's performance at trial was not flawless, the evidence, the law, and the circumstances of this case, viewed as a whole and as of the time of the representation, establish that defendant was afforded meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant further contends that he was denied his right to counsel of his choosing when the court denied his request for an adjournment of trial to retain new counsel. We reject that contention. Although the right to counsel under the Federal and State Constitutions "embraces the right of a criminal defendant to be represented by counsel of [their] own choosing" (People v Arroyave, 49 NY2d 264, 270 [1980]), that right "is qualified, and may cede, under certain circumstances, to concerns of the efficient administration of the criminal justice system" (People v O'Daniel, 24 NY3d 134, 138 [2014] [internal quotation marks omitted]). Here, defendant made his request on the eve of trial, he had not retained other counsel despite having ample opportunity to do so, and he failed to demonstrate that substitution of counsel "was necessitated by forces beyond his control and was not a dilatory tactic" (People v Hunter, 171 AD3d 1534, 1535 [4th Dept 2019], lv denied 33 NY3d 1105 [2019] [internal quotation marks omitted]).
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court