People v Wilcox (2023 NY Slip Op 06175)

People v Wilcox

2023 NY Slip Op 06175

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

529568
[*1]The People of the State of New York, Respondent,
v
Kyle E. Wilcox, Appellant.

Calendar Date:October 19, 2023

Before:Lynch, J.P., Aarons, Pritzker, McShan and Mackey, JJ.

Eric K. Schillinger, Albany, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nathan M. Bloom of counsel), for respondent.

Mackey, J.
Appeal from an order of the County Court of Chemung County (Richard W. Rich Jr., J.), entered April 4, 2019, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2019, defendant pleaded guilty to attempted rape in the second degree and was sentenced to a term of imprisonment. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a case summary and risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assessed a total of 120 points, presumptively classifying
defendant as a risk level three sex offender, with which the People agreed.[FN1] At the ensuing hearing, defendant's counsel limited his challenge to 30 points that the People sought to have assessed under risk factor 9 for defendant's prior conviction of a sex crime. He argued that, because that had been a youthful offender adjudication, it could not be considered in assessing defendant's risk level. Relying on People v Francis (30 NY3d 737 [2018]), County Court rejected counsel's challenge and classified defendant a level three sex offender. Defendant appeals.
Initially, we note that meaningful appellate review of defendant's classification as a risk level three sex offender is precluded because County Court did not set forth its findings of fact and conclusions of law regarding the assessment of points, as required by Correction Law § 168-n (3). Although the court's decision and order states in conclusory fashion that "based upon the evidence received" at the hearing defendant was a level three sex offender, the only assessment of points discussed, and for which the court set forth any findings of fact, was concerning risk factor 9. Failure to comply with the statutory mandate to make detailed findings on the record would alone require that the matter be remitted to County Court (see People v VonRapacki, 204 AD3d 41, 43 [3d Dept 2022]; People v Kennedy, 79 AD3d 1470, 1470 [3d Dept 2010]).
That said, defendant's challenge to the effective assistance of counsel must still be addressed. It is undisputed that a defendant is entitled to the effective assistance of counsel at a SORA proceeding (see People v Moore, 208 AD3d 1514, 1514-1515 [3d Dept 2022]; People v Echols, 207 AD3d 478, 479 [2d Dept 2022]; People v VonRapacki, 204 AD3d at 43). In determining whether counsel provided ineffective assistance under the NY Constitution, a defendant must establish that, based on "the evidence, the law, and the circumstances of [the defendant's] particular case, viewed in totality and as of the time of the representation," counsel failed to provide meaningful representation (People v Burgos, 38 NY3d 56, 65 [2022] [internal quotation marks and citations omitted]; see People v Echols, 207 AD3d at 479).
The only argument advanced by defendant's counsel at the SORA hearing was a challenge to the assessment of 30 points under risk factor [*2]9, on the basis that a youthful offender adjudication should be precluded in assessing defendant's sex offender classification. That argument, however, was devoid of merit (see People v Francis, 30 NY3d at 750-751), and demonstrated counsel's unfamiliarity with existing and applicable case law (see People v Echols, 207 AD3d at 480). Further, counsel affirmatively declined the opportunity to address the other risk factor points assessed against defendant, thereby acquiescing to the Board's recommendation and excusing the People from admitting any proof at the hearing (see People v VonRapacki, 204 AD3d at 44). Moreover, as mentioned previously, County Court made no review or finding that the points assessed by the People were established by clear and convincing evidence. Significantly, and as noted by defendant on appeal, a colorable argument exists, but was not raised by counsel at the SORA hearing, regarding the People's failure to establish the temporal requirement substantiating the assessment of points under risk factor 4 (see People v Echols, 207 AD3d at 480; People v Ellis, 204 AD3d 1388, 1389-1390 [4th Dept 2022]; People v Jarama, 178 AD3d 970, 971 [2d Dept 2019]; People v Edmonds, 133 AD3d 1332, 1332 [4th Dept 2015], lv denied 26 NY3d 918 [2016]).
Finally, although counsel advanced arguments in relation to the youthful offender adjudication, he did not request a downward departure from the presumptive risk level three classification. The crime underlying the youthful offender adjudication was the class A misdemeanor of sexual misconduct (Penal Law § 130.20), stemming from defendant, who had just turned 17, having sexual intercourse with his girlfriend, who was about two months younger. Downward departure has been found appropriate where there is a "relatively slight age difference between [the] defendant and the victim [and] undisputed evidence that the victim's lack of consent was premised only on her inability to consent by virtue of her age" (People v George, 141 AD3d 1177, 1178 [4th Dept 2016]; see People v Hernandez, 213 AD3d 705, 707-708 [2d Dept 2023]). Notwithstanding facts and case law that could support a reasonable argument for a downward departure here, counsel failed to make such a request. In our view, the foregoing establishes that defendant was deprived of the effective assistance of counsel (see People v Echols, 207 AD3d at 480; People v VonRapacki, 204 AD3d at 44). For these reasons, the matter must be remitted to County Court for a new hearing with different assigned counsel.
Lynch, J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: A score of 110 to 300 results in a level three classification, indicating a high risk to reoffend.