People v Lewis (2024 NY Slip Op 03245)

People v Lewis

2024 NY Slip Op 03245

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

115 KA 22-01438

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JARVIS LEWIS, DEFENDANT-APPELLANT. 

AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (AMY CHADWICK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered July 13, 2022. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree (four counts), assault in the second degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of four counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count each of assault in the second degree (§ 120.05 [3]) and resisting arrest (§ 205.30). Defendant contends that Supreme Court violated his right to counsel of his own choosing when, at the outset of jury selection, the court compelled defendant's retained attorney to continue to represent him. We reject that contention.
After discharging his initial assigned counsel and retaining new defense counsel, defendant appeared in person with defense counsel for various pretrial conferences, which included discussions about the exchange of discovery as well as plea negotiations and pretrial motions. At no time during those appearances did defendant report any concern about defense counsel's representation. However, at the outset of jury selection defendant stated to the court that defense counsel was not acting in his best interest and requested that the court discharge the retained counsel and assign new counsel.
"Although a defendant has the constitutionally guaranteed right to be defended by counsel of [their] own choosing, this right is qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings" (People v Arroyave, 49 NY2d 264, 271 [1980]; see People v Hunter, 171 AD3d 1534, 1535 [4th Dept 2019], lv denied 33 NY3d 1105 [2019]), and thus the right "may cede, under certain circumstances, to concerns of the efficient administration of the criminal justice system" (People v O'Daniel, 24 NY3d 134, 138 [2014] [internal quotation marks omitted]). Here, defendant had not retained other counsel despite having ample opportunity to do so, and failed to demonstrate that substitution of counsel "was necessitated by forces beyond his control and was [thus] not a dilatory tactic" (Hunter, 171 AD3d at 1535 [internal quotation marks omitted]; see People v Howden, 215 AD3d 1261, 1262-1263 [4th Dept 2023], lv denied 40 NY3d 1092 [2024]). Thus, we conclude that the court properly balanced defendant's request for substitute counsel against "the need for the expeditious and orderly administration of justice" and did not abuse its discretion when it ordered defense counsel to continue to represent him throughout the trial (Hunter, 171 AD3d at 1535-1536; see People v Harris, 151 AD3d 1720, 1720-1721 [4th Dept 2017], lv denied 30 NY3d 950 [2017]).
Defendant further contends that he was denied effective assistance of counsel. We reject that contention inasmuch as defendant waived the right to effective assistance of counsel by directing defense counsel not to participate in the proceedings (see People v Henriquez, 3 NY3d 210, 217 [2004]). After the court denied defendant's request to substitute counsel and advised defendant that defense counsel would continue to represent him throughout the trial, defendant refused to proceed, was taken to a holding cell, and then refused to return to the courtroom. While in the holding cell, defendant conferred with defense counsel, who advised the court, following the conference, that defendant did not want defense counsel to represent him and objected to the trial proceeding. The court thereafter ordered defense counsel to inform defendant that the court anticipated moving forward with the trial, in defendant's absence and with defense counsel representing defendant. Defense counsel so informed defendant and, in the course of their additional conversation, defendant advised that he did not wish defense counsel to represent him in the trial and directed defense counsel not to participate in the proceedings and to leave. When the court had defendant brought into the courtroom and informed him that he had the right to be present for trial and participate in his defense, defendant again objected to the entire proceeding, reiterated that he had fired defense counsel, refused to answer the court's questions, and renewed his request for substitute counsel. When the court responded that defendant would not receive another attorney but had the right to proceed pro se, defendant left the courtroom. Defense counsel subsequently informed the court that he intended to follow defendant's directive not to participate in the proceedings. The trial was then held in defendant's absence. Defense counsel was present but did not participate, except to move, outside the presence of the jury, for a trial order of dismissal.
We conclude that, under these circumstances, defendant waived his right to effective assistance of counsel (see Henriquez, 3 NY3d at 217). Defendant's "desire to prevent counsel's participation, coupled with his adamant refusal to represent himself, translates into an intentional failure to avail himself of his constitutional right to a fair opportunity to defend against the State's accusations" (id. [internal quotation marks omitted]), and he must therefore "accept the decision he knowingly, voluntarily and intelligently made, and the consequences of his intentional actions and choices" (id. at 216-217). " 'That defendant now questions the wisdom of his decision cannot relieve him of the consequences of his request' . . . and counsel cannot be charged with failing to provide meaningful or effective representation because that right was waived by defendant" (id. at 217).
Defendant failed to preserve for our review his contention that the indictment was multiplicitous (see CPL 470.05 [2]; People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]; People v Quinn, 103 AD3d 1258, 1258 [4th Dept 2013], lv denied 21 NY3d 946 [2013]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Edwards, 159 AD3d at 1426).
Contrary to defendant's further contention, we conclude that the court did not abuse its discretion in denying defense counsel's pretrial request for a competency evaluation of defendant pursuant to CPL article 730. While " '[i]t is fundamental that the trial of a criminal defendant while he is mentally incompetent violates due process' " (People v Winebrenner, 96 AD3d 1615, 1616 [4th Dept 2012], lv denied 19 NY3d 1029 [2012]), a defendant in a criminal proceeding "is presumed to be competent" (People v Tortorici, 92 NY2d 757, 765 [1999], cert denied 528 US 834 [1999]), and, thus, it is only when " 'the court wherein the criminal action is pending . . . is of the opinion that the defendant may be an incapacitated person' " that it must order a competency evaluation (id. at 765-766, quoting CPL 730.30 [1]). "The determination of whether to order a competency hearing lies within the sound discretion of the trial court," and the sole issue on appeal "is whether the trial court abused that discretion, not whether it might have been reasonable to order a hearing" (id. at 766). Here, the court had ample opportunity to observe defendant prior to defense counsel's request, and the record supports its determination that defendant demonstrated an understanding of the proceedings and had the ability to assist in his own defense and, additionally, that defendant's refusal to attend the trial and attempt to dismiss his retained counsel were "indicative of obstinance rather than incompetency" (People v Thorpe, 218 AD3d 1124, 1125 [4th Dept 2023]; see People v Estruch, 164 AD3d 1632, 1633 [4th Dept 2018], lv denied 32 NY3d 1171 [2019]).
Finally, we conclude that the sentence of incarceration, as reduced to 20 years' [*2]imprisonment by operation of law (see Penal Law § 70.30 [1] [e] [i]), is not unduly harsh or severe.
All concur except Montour and Ogden, JJ., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent. Although we agree with the majority that defendant was not denied his right to counsel when Supreme Court refused to grant his request for an adjournment on the eve of trial for assignment of new counsel (see People v Howden, 215 AD3d 1261, 1262-1263 [4th Dept 2023], lv denied 40 NY3d 1092 [2024]), we agree with defendant that he was denied effective assistance of counsel.
"It is well established that a defendant may not, by . . . absence alone, 'waive [the] right to effective assistance of counsel' " (People v Diggins, 21 NY3d 935, 936 [2013], quoting People v Aiken, 45 NY2d 394, 398 [1978]). Nonetheless, when a defendant is tried in absentia, an attorney's complete failure to participate "giv[es] rise to an inference that the attorney's nonparticipation was a protest strategy that would not support a claim of ineffective assistance" (People v Diggins, 11 NY3d 518, 525 [2008]). Thus, "a defendant who absents [themselves] from trial may not succeed on appeal by raising counsel's purported ineffectiveness where counsel affirmatively, as a matter of trial strategy, sought to obstruct the trial of [the defendant]" via a "refusal to actively participate" (Aiken, 45 NY2d at 399). Similarly, a defendant who both "refuse[s] self-representation and restrict[s] the participation of counsel . . . voluntarily waive[s] the right to the effective assistance of counsel" (People v Henriquez, 3 NY3d 210, 216 [2004]). However, on the facts of this case, the inference of strategic nonparticipation is not justified.
Here, as is permissible, the court denied defendant's request to substitute new counsel for retained defense counsel on the eve of trial, later denied defense counsel's request to withdraw, and directed that defense counsel continue to represent defendant (see People v Kelly, 60 AD2d 220, 223-224 [1st Dept 1977], affd for reasons stated 44 NY2d 725, 727 [1978]; People v Hunter, 171 AD3d 1534, 1535-1536 [4th Dept 2019], lv denied 33 NY3d 1105 [2019]; People v Harris, 151 AD3d 1720, 1720-1721 [4th Dept 2017], lv denied 30 NY3d 950 [2017]). In response thereto, defendant repeatedly absented himself from the courtroom and was close to nonresponsive when the court had him brought into the courtroom to ensure that defendant understood his rights.
In particular, after initially visiting defendant in a holding cell, defense counsel reported to the court that defendant did not want defense counsel to represent him going forward and objected to the trial proceeding. The court thereafter ordered defense counsel to inform defendant that his requests were denied and that the court anticipated moving forward with the trial, in defendant's absence and with defense counsel as his attorney. Defense counsel so informed defendant and, in the course of their additional conversation, defendant instructed defense counsel that he did not wish defense counsel to represent him in the trial or to participate in the proceedings and in fact directed defense counsel to leave. Defense counsel noted that he faced a dilemma because he had "explicit instructions from his [client] to not participate in the proceedings" and he did not know what his ethical and legal obligations were at that point. The court responded in relevant part that, in an effort to protect defendant's rights even in his absence, it had exercised its authority to order that defense counsel continue to represent defendant. The court indicated that it was the decision of defense counsel whether to participate at trial, but it is clear from the record that defense counsel thought that the decision whether defense counsel participated in the trial was defendant's to make.
When the court had defendant brought in to ensure that he understood that he had a right to be present for trial and participate in his defense, defendant "object[ed] to this whole thing" and reiterated that he had "fire[d]" defense counsel. After refusing to answer the court's question whether he waived his presence at trial and starting to leave the courtroom, defendant responded to another inquiry by stating that, rather than wishing to represent himself, he wanted another attorney. When the court responded that defendant would not be assigned another attorney but could proceed pro se, defendant simply left the courtroom. Defense counsel informed the court that it was his intention to follow the instructions of defendant and "not participate at all in these proceedings." After the prosecutor raised concerns that defense counsel had an obligation to participate, the court responded by citing case law stating that a defendant could not demonstrate denial of effective assistance of counsel if the defendant had instructed counsel to refrain from participating. In the court's view, defendant had instructed defense counsel not to do anything, [*3]which was his decision, the consequences of which he would have to "live with." Defense counsel retorted, however, that the circumstances were different because defendant had discharged him.
The next day, defendant refused to answer the court's questions whether he understood his rights to assist in his defense and be present in court. The court informed defendant that it could not allow him to discharge defense counsel, but defendant insisted that he had fired defense counsel and reiterated that he did not want to be present in court. Defendant also refused to respond to the court's inquiry whether he wanted to represent himself and simply exited the courtroom. The court thereafter denied defense counsel's request to withdraw and noted that defense counsel was in charge of trial strategy, which could involve standing silent in order to garner compassion from the jury that the government was being overbearing. Defense counsel responded, however, that his decision to be silent was "not a tactical decision on [his] part." The prosecutor later expressed concern that defendant would have "a strong case of ineffective assistance of counsel" if defense counsel continued not to participate. Defendant later reiterated during trial that he had fired defense counsel and did not wish to be present, and he thereafter refused to answer additional questions.
The majority relies on People v Henriquez, but we submit that its reliance on that case is misplaced. Although similar in certain aspects, the case before us is distinguishable from Henriquez, in which the Court of Appeals determined that a defendant who refused to allow his defense counsel to participate at trial, but never asked that the defense counsel be relieved, had voluntarily waived his right to the effective assistance of counsel (see Henriquez, 3 NY3d at 215-217). Here, by contrast, defendant repeatedly made clear that he sought to have defense counsel discharged, and any instruction by defendant that defense counsel not participate in the proceedings was made in the context of defendant's effort to sever the attorney-client relationship. In other words, unlike the defendant in Henriquez, defendant here did not seek to have defense counsel represent him by employing a strategy of silence at trial, nor did defendant expressly acknowledge upon inquiry that he was waiving the right to present a defense by having defense counsel remain mute; rather, defendant sought to discharge defense counsel from representing him at all.
After the court appropriately denied that relief and directed that defense counsel continue to represent defendant at trial, defense counsel was undoubtedly placed in a difficult situation. However, defense counsel's decision to thereafter remain largely mute and not contest any of the proof against defendant was demonstrably not a decision made as a matter of strategy. Indeed, defense counsel expressly stated that his decision not to participate at trial was "not a tactical decision on [his] part," and it is evident that defense counsel's decision was instead based on his misperception that he was "ethically obligated to stand mute." It is well established, however, that a defendant represented by counsel "retains authority only over certain fundamental decisions regarding the case" (People v Colon, 90 NY2d 824, 825 [1997]). Those "fundamental decisions" include "whether to plead guilty, waive a jury trial, testify in [their] own behalf or take an appeal" (id. at 825-826 [internal quotation marks omitted]); they do not include the decision whether the defense counsel will "stand mute." Thus, unlike the defendant in Aiken, here, defense counsel did not "affirmatively, as a matter of trial strategy, s[eek] to obstruct the trial" through "refusal to actively participate" (45 NY2d at 399 [emphasis added]). Defense counsel repeatedly insisted that he had been fired and we would conclude that the basis for his conduct was not tactical, but, rather, a misunderstanding of his ethical responsibilities upon being ordered to continue representing defendant (see generally People v Hogan, 26 NY3d 779, 786 [2016]). Defense counsel's nonparticipation was, as the record demonstrates, not strategic at all.
Thus, "[a]lthough a defendant's willful absence from trial surely hampers an attorney's ability to represent the client adequately and must be taken into consideration," under the circumstances of this case, we would conclude that defense counsel's "lack of participation during the jury trial amounted to the ineffective assistance of counsel" (Diggins, 21 NY3d at 936). We would, therefore, reverse the judgment and grant a new trial.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court