People v Eason (2024 NY Slip Op 06247)

People v Eason

2024 NY Slip Op 06247

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

534078
[*1]The People of the State of New York, Respondent,
v
Michael C. Eason, Appellant.

Calendar Date:November 15, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Angela Kelley, East Greenbush, for appellant.
Brian P. Conaty, District Attorney, Monticello (Jeffrey R. Laurice of counsel), for respondent.

Egan Jr., J.P.
Appeal from an order of the Supreme Court (Stephan G. Schick, J.), entered January 27, 2021 in Sullivan County, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2016, defendant — a prior felony sex offender — pleaded guilty to use of a child in a sexual performance, possessing a sexual performance by a child and failure to register as a sex offender and was sentenced to a prison term of five years, to be followed by 10 years of postrelease supervision. Prior to his anticipated release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively scored defendant as a risk level two sex offender (90 points). However, defendant's prior felony conviction for a sex crime triggered an automatic override, resulting in a presumptive risk level three classification. At the conclusion of the hearing that followed, Supreme Court classified defendant as a risk level three sex offender with a predicate sex offender designation and denied defendant's request for a downward departure. This appeal ensued.
The People concede, and our review of the record confirms, that defendant did not receive notice of the risk level classification hearing at least 20 days prior thereto as required by Correction Law § 168-n (3) and that defense counsel was not provided with certain of the exhibits relied upon by the People until the start of the virtual hearing. The record further reflects that counsel expressed concern that he had not been afforded an adequate opportunity to speak with defendant. That said, Supreme Court granted counsel's request to confer with defendant and briefly adjourned the hearing for that purpose, after which counsel indicated that he was ready to proceed. As defendant raised no objection to either the timeliness of the notice nor the decision to proceed with the hearing and did not otherwise request a further adjournment of the proceedings, we find his due process claims to be unpreserved for our review (see People v Charache, 9 NY3d 829, 830 [2007]; People v Eaglin, 227 AD3d 1283, 1284 [3d Dept 2024]; People v Warrington, 19 AD3d 881, 882 [3d Dept 2005]; People v Tilley, 305 AD2d 1041, 1041 [4th Dept 2003], lv denied 100 NY2d 588 [2003]; cf. People v Bush, 105 AD3d 1179, 1180 [3d Dept 2013], lv denied 21 NY3d 860 [2013]).
Although there is no question that defendant was entitled to the effective assistance of counsel at the risk level classification hearing (see e.g. People v Lopez, 226 AD3d 1165, 1166 [3d Dept 2024], lv denied 45 NY3d 905 [2024]; People v VonRapacki, 204 AD3d 41, 43 [3d Dept 2022]), his claim that he was denied meaningful representation is unpersuasive. To succeed in this regard, "defendant [was] required to demonstrate that he . . . was not provided meaningful representation and that there [was] an absence of strategic or other legitimate explanations for counsel's [*2]allegedly deficient conduct" (People v Rivera, 206 AD3d 1356, 1360 [3d Dept 2022] [internal quotation marks and citations omitted], affd 39 NY3d 1062 [2023], cert denied ___ US ___, 143 S Ct 2675 [2023]). After conferring with defendant and reviewing the People's exhibits — and after acknowledging that a delay in the hearing could negatively impact defendant's then-impending release date — defense counsel indicated that he was ready to proceed (compare People v Moore, 208 AD3d 1514, 1515 [3d Dept 2022]). Defense counsel then argued, albeit unsuccessfully, in favor of a downward departure to a risk level two classification citing, among other things, defendant's acceptance of responsibility, successful completion of sex offender treatment and satisfactory conduct while confined, as well as defendant's documented mental health and cognitive issues (compare id.). Finally, given that defendant's mental health and cognitive concerns, which the People did not dispute, were addressed in some detail in the case summary, we do not find that defense counsel's failure to procure additional medical or psychological evaluations constituted ineffective assistance. In short, and upon reviewing the record as a whole, we are satisfied that defendant was afforded meaningful representation.
As for Supreme Court's denial of defendant's request for a downward departure, "defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Sanders, 228 AD3d 1184, 1186 [3d Dept 2024] [internal quotation marks and citations omitted]; see People v Hyman, 228 AD3d 1080, 1081 [3d Dept 2024]). "Even if such a mitigating factor exists, the court then must make a discretionary determination as to whether the overall circumstances warrant a departure to prevent an overassessment of . . . defendant's dangerousness and risk of sexual recidivism" (People v Kraft, 229 AD3d 1016, 1017 [3d Dept 2024] [internal quotation marks and citations omitted]). Defendant's acceptance of responsibility and satisfactory conduct while confined (see People v McDermott, 230 AD3d 1484, 1486 [3d Dept 2024]), as well as his successful completion of treatment (see People v Scott, 230 AD3d 1487, 1488 [3d Dept 2024]), were adequately taken into consideration by the risk assessment instrument and relevant guidelines. "Contrary to defendant's contention, his presumptive risk level two designation prior to the application of the automatic override is not a mitigating factor, as the automatic override is applied irrespective of the points scored on the risk assessment instrument" (People v Jones, 226 AD3d 1265, 1267 [3d Dept 2024] [internal quotation marks, ellipsis and citations omitted], lv denied 42 NY3d 907 [2024]). Accordingly, upon consideration of the totality of the circumstances, we find no abuse of discretion in Supreme Court's classification of defendant as a risk level three [*3]sex offender. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Pritzker, Lynch, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.