People v Pribble (2025 NY Slip Op 06936)

People v Pribble

2025 NY Slip Op 06936

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CV-23-2161
[*1]The People of the State of New York, Respondent,
vBryan A. Pribble, Appellant.

Calendar Date:November 13, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Lynch, Ceresia and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Powers, J.
Appeal from an order of the County Court of St. Lawrence County (Gregory Storie, J.), entered August 14, 2023, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2019, defendant was convicted of the crime of sexual abuse in the first degree and was sentenced to a four-year term of incarceration, to be followed by three years of postrelease supervision.[FN1] In anticipation of defendant's release from prison in 2023, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) that presumptively classified defendant as a risk level two sex offender (80 points) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), with which the People agreed. Following a hearing, at which defendant requested a downward departure, County Court accepted the Board's points assessment, denied defendant's request and classified defendant as a risk level two sex offender with a sexually violent offender designation. This appeal by defendant ensued.
We reverse. Initially, meaningful appellate review of defendant's classification as a risk level two sex offender is precluded by County Court's failure to adequately set forth its findings of fact and conclusions of law regarding the assessment of points as required by Correction Law § 168-n (3). Although the court's decision and order states in conclusory fashion that, at the hearing, "the [c]ourt set out its findings of fact by clear and convincing evidence [that] support the assignment of points for each risk factor contained on the [RAI]," the hearing transcript does not contain "any findings of fact or conclusions of law" (People v VonRapacki, 204 AD3d 41, 43 [3d Dept 2022]). To this point, the court stated in conclusory fashion that it found the People to have established by clear and convincing evidence "the assessment of the following number of points for the following risk factor[s]" and then proceeded to list the points assessed. "The failure to include the necessary findings prevents this Court from conducting a meaningful appellate review of defendant's designation as a risk level two sex offender and would, alone, require remittal for County Court to comply with the statute" (id. [citations omitted]; see Correction Law § 168-n [3]; People v Wilcox, 221 AD3d 1370, 1370-1371 [3d Dept 2023]). We must, however, also address defendant's ineffective assistance of counsel argument relative to risk factor 9 (number and nature of prior crimes), as it could affect the scope of the proceedings upon remittal (see People v Wilcox, 221 AD3d at 1371; People v VonRapacki, 204 AD3d at 43).
"With respect to defendant's risk level classification, 'there is no question that defendant was entitled to the effective assistance of counsel at the [underlying] hearing' " (People v Trimboli, 236 AD3d 1247, 1249 [3d Dept 2025], quoting People v Eason, 233 AD3d 1194, 1195 [3d Dept 2024], lv denied 43 NY3d 903 [2025]; see People [*2]v Echols, 207 AD3d 478, 479 [2d Dept 2022]; People v Morancis, 201 AD3d 751, 751 [2d Dept 2022]). "To establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct. A defendant seeking a downward departure must demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Bellinger, 233 AD3d 1331, 1333 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; accord People v Trimboli, 236 AD3d at 1249; see People v Wilcox, 221 AD3d at 1371).
Although defense counsel requested a downward departure based upon defendant's successful treatment history and programming while incarcerated, no argument was made for a downward departure relative to risk factor 9. Pursuant to the risk assessment guidelines, County Court was required to assess 30 points under risk factor 9 based upon defendant's undisputed prior conviction of endangering the welfare of a child, "without regard to whether the underlying offense involved conduct that is sexual in nature" (People v Sincerbeaux, 27 NY3d 683, 689 [2016]; accord People v McVie, 213 AD3d 783, 784 [2d Dept 2023], lv denied 39 NY3d 914 [2023]). This is because "[t]he Board decided to treat endangering the welfare of a child as if it were a sex crime because it generally involves sexual misconduct, especially when it is part of a plea bargained disposition" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]; see People v Davis, 139 AD3d 1226, 1227 [3d Dept 2016]). However, the risk assessment guidelines also provide that, "[w]here a review of the record indicates that there was no such [sexual] misconduct, a departure may be warranted" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]; see People v Sincerbeaux, 27 NY3d at 689; People v McVie, 213 AD3d at 784).
At the hearing, the People submitted documentary evidence that, in 2014, defendant was convicted of endangering the welfare of a child based upon sales of illicit drugs occurring in his home with his permission while his minor children were present, and the separate act of grabbing and choking his adult sister while in the presence of minor children. Inasmuch as the foregoing indicates that no sexual misconduct was involved or underlies his conviction for endangering the welfare of a child — and the People did not allege otherwise — there was at least a colorable basis for defense counsel to request a downward departure on this ground. "Contrary to the People's contention, it cannot be said that such an argument would have had little or no chance of success" (People v Echols, 207 AD3d at 480). In sum, the circumstances of this case, viewed in totality, reveal that [*3]defendant's counsel did not provide meaningful representation at the hearing (see People v Wilcox, 221 AD3d at 1372; People v Echols, 207 AD3d at 480; People v VonRapacki, 204 AD3d at 44). As a result, upon remittal, defendant is entitled to a new hearing and the assignment of different counsel. In light of this determination, defendant's remaining contentions have been rendered academic.
Clark, J.P., Reynolds Fitzgerald, Lynch and Ceresia, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: While incarcerated in relation to that crime, defendant assaulted an individual and, as a consequence, was also convicted of assault in the second degree in 2019. Defendant was sentenced to a concurrent prison term of two years, to be followed by two years of postrelease supervision, for that conviction.