People v Wilcox (2025 NY Slip Op 07353)

People v Wilcox

2025 NY Slip Op 07353

Decided on December 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 31, 2025

CV-24-0545
[*1]The People of the State of New York, Respondent,
vKyle E. Wilcox, Appellant.

Calendar Date:November 12, 2025

Before:Pritzker, J.P., Fisher, McShan, Powers and Mackey, JJ.

Danielle Neroni Reilly, Albany, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Anne H. Stark of counsel), for respondent.

Pritzker, J.P.
Appeal from an order of the County Court of Chemung County (Richard Rich Jr., J.), entered February 12, 2024, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2017,[FN1] defendant pleaded guilty to attempted rape in the second degree and was sentenced to a term of imprisonment. As a result of that conviction, defendant was required to register as a sex offender under the Sex Offender Registration Act (see Correction Law art 6-C). In anticipation of his release, the Board of Examiners of Sex Offenders prepared a case summary and risk assessment instrument that presumptively classified defendant as a risk level three sex offender, with which the People agreed. At the conclusion of the initial hearing, County Court classified defendant as a risk level three sex offender. On appeal, this Court found, among other things, that meaningful appellate review was precluded due to County Court's failure to set forth its findings of fact and conclusions of law regarding the assessment of points as required by Correction Law § 168-n (3) and, therefore, remitted the matter to County Court for, among other things, a new hearing (221 AD3d 1370 [3d Dept 2023]).
Upon remittal, a new risk assessment instrument prepared by the People was submitted that again presumptively classified defendant as a risk level three sex offender. At the conclusion of that hearing, County Court, finding clear and convincing evidence for the assessment of 130 points, classified defendant as a level three sex offender and denied his request for a downward departure. This appeal ensued.
Defendant contends that County Court erred in assessing 20 points under risk factor 4 for continuing course of sexual misconduct, 20 points under risk factor 7 for establishing a relationship with the victim for the purpose of victimization and 10 points under risk factor 13 for unsatisfactory conduct while supervised. In order to assess points in determining a defendant's risk level classification, the People bear the burden of proving facts supporting such point assessment by clear and convincing evidence (see Correction Law § 168-n [3]; People v Dority, 234 AD3d 1211, 1212 [3d Dept 2025]; People v Ortiz, 217 AD3d 1290, 1291 [3d Dept 2023]).
We turn first to defendant's challenge as to the 20 points assessed under risk factor 7 for establishing a relationship for the purpose of victimization. The record reflects that defendant, who was 28 years old at the time, met the 13-year-old victim at the mall, asked the victim for her phone number and, a short time later, located the victim and her friend elsewhere in the mall, persuading them to come to his house to watch movies and smoke marihuana. The sexual relationship developed shortly thereafter, during which defendant convinced the victim to tell her mother that he was the father of one of her friends where she was spending the night, thereby creating the opportunity to have the victim stay overnight [*2]with him — which, according to the victim, happened on at least 20 occasions. We are satisfied that such circumstances warrant the assessment of 20 points for establishing a relationship for the purpose of victimization (see People v Lashomb, 161 AD3d 1465, 1466-1467 [3d Dept 2018]).
We are also unconvinced by defendant's contention that his purported technical violations of the terms and conditions of his parole supervision on two occasions were not significant enough to warrant the assessment of 10 points under risk factor 13 for unsatisfactory behavior while under supervision. The record reflects that in each instance, defendant's parole was revoked, and at least one of those revocations resulted in the imposition of two years of incarceration — suggesting that the violation was not a simple technicality. Given defendant's status as a parole violator, the assessment of points under this risk factor was appropriate (see People v Middlemiss, 153 AD3d 1096, 1098 [3d Dept 2017], lv denied 30 NY3d 906 [2017]; People v Roney, 80 AD3d 909, 911 [3d Dept 2011]). Given our determinations as to factors 7 and 13, we need not reach defendant's challenge to the assessment of points under risk factor 4 because, even if we agreed with defendant that points should not have been assessed under this factor, he would still remain a presumptive risk level three.
Defendant next contends that County Court failed to properly consider and abused its discretion in denying his request for a downward departure. Initially, we are unpersuaded that the court failed to set forth sufficient reasoning in denying defendant's request for a downward departure so as to preclude meaningful judicial review. Although the court's order only briefly discusses the denial of defendant's request for a downward departure, the court also thoroughly placed its factual findings and conclusions related to such denial on the hearing record, which together provide a sufficient basis for intelligent review (see People v Uhle, 221 AD3d 1199, 1200 n 1 [3d Dept 2023]; People v Glowinski, 208 AD3d 1392, 1392-1393 [3d Dept 2022]).
In requesting a downward departure, defendant "bore the burden of establishing by a preponderance of the evidence that mitigating factors existed which were not adequately taken into account by the risk assessment instrument that would warrant a downward departure" (People v Pardee, 228 AD3d 1142, 1143 [3d Dept 2024], lv denied 42 NY3d 909 [2024]; see People v Lane, 201 AD3d 1266, 1267 [3d Dept 2022]). Even if mitigating factors exist, "the court then must make a discretionary determination as to whether the overall circumstances warrant a departure to prevent an overassessment of defendant's dangerousness and risk of sexual recidivism" (People v Eason, 233 AD3d 1194, 1196 [3d Dept 2024] [internal quotation marks, ellipsis and citations omitted], lv denied 43 NY3d 903 [2025]; see People v Butler, 232 AD3d 935, 937 [3d Dept 2024], lv denied 43 NY3d 929 [2025]).
Defendant contends [*3]that his prior youthful offender adjudication, which apparently stemmed from a consensual relationship between defendant, who was 17 years old at the time, and his 16-year-old girlfriend, as well as his parole supervision and programming, constitute mitigating circumstances warranting a downward departure to a risk level two sex offender. The record reflects that County Court considered the youthful offender adjudication for the prior sexual offense to be a mitigating factor in determining whether a downward departure was warranted. Nevertheless, the court found significant defendant's "utter lack of acceptance of responsibility" regarding the instant offense, as reflected in defendant's victim-blaming statements made throughout the hearing — which the court noted is against the framework of sex offender counseling programs. Upon our review, we are satisfied that County Court did not abuse its discretion in finding that, even considering the mitigating factors presented by defendant, the overall circumstances did not warrant a downward departure from a risk level three sex offender classification (see People v Gillotti, 23 NY3d 841, 861 [2014]; People v Eason, 233 AD3d at 1196; People v Sanders, 228 AD3d 1184, 1186 [3d Dept 2024]).
Finally, to the extent that defendant contends that the County Court judge should have recused himself from presiding over the matter upon remittal by this Court, such contention is unpreserved as no such motion or objection was made — either on the previous appeal or at the new hearing — seeking preclusion of the judge from continuing to preside over the matter (see People v Coston, 238 AD3d 1341, 1346-1347 [3d Dept 2025], lv denied 44 NY3d 992 [2025]; People v Higgins, 211 AD3d 1186, 1186 [3d Dept 2022]).
Fisher, McShan, Powers and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: We note that in our prior decision (221 AD3d 1370 [3d Dept 2023]), an incorrect year was referenced as to the date of defendant's guilty plea. We have verified that 2017 is the correct year.